ESTATE OF Barbara L. REYNOLDS, Plaintiff–Appellee,

v.

Lynn MARTIN, Secretary of Labor, Defendant–Appellant.

No. 91–15237.

United States Court of Appeals, Ninth Circuit.

June 1, 1993.

Before: FERGUSON, REINHARDT, and KOZINSKI, Circuit Judges.

### ORDER

Neither party in this case has filed a petition for rehearing or a suggestion for rehearing en banc.

However, a judge of this court sua sponte requested a vote on whether to rehear the case en banc.

A majority of the court has voted against rehearing the case en banc, and therefore the sua sponte request is rejected.

BEEZER, Circuit Judge, with whom Circuit Judges HALL, O'SCANNLAIN, and T.G. NELSON join, dissenting:

*Reynolds v. Martin,* 985 F.2d 470 (9th Cir.1993), holds that the Civil Rights Act of 1991, specifically those provisions relating to awards of pre- and post-judgment interest, applies retroactively to cases pending at the time of the statute's enactment. Today, a petition for *en banc* reconsideration of this decision is denied. I dissent from that denial.

### I

The *Reynolds* opinion determines that it is unnecessary to resort to statutory presumptions regarding retroactivity because the text of the 1991 Civil Rights Act ("Act") is "clearly" retroactive and "can only be read one way." *Id.* at 478. Of the six other circuits to consider this issue, not one has found a clear intent that the statute be retroactively applied.[1] While there is good reason to stand

---

1. Every other circuit court to consider the issue has either rejected retroactive application of the 1991 Act, or follows a previous in-circuit case holding the same:

   **Fifth Circuit:** *Valdez v. San Antonio Chamber of Commerce,* 974 F.2d 592, 595 (5th Cir.1992); *Wilson v. Belmont Homes, Inc.,* 970 F.2d 53, 56

(5th Cir.1992); *Landgraf v. USI Film Products,* 968 F.2d 427, 432 (5th Cir.1992); *Rowe v. Sullivan,* 967 F.2d 186, 190 (5th Cir.1992); *Johnson v. Uncle Ben's, Inc.,* 965 F.2d 1363 (5th Cir. 1992).

   **Sixth Circuit:** *Holt v. Mich. Dep't of Corrections,* 974 F.2d 771, 774 (6th Cir.1992); *Harvis v.*

alone in a case where every other circuit has erred, this is not such a case.

The opinion's conclusion is based on a presumption regarding congressional silence. Although there is no statement in the Act regarding retroactive application, the *Reynolds* panel presumes that two provisions calling explicitly for prospective application[2] must be "exceptions to the general rule" of retroactive application. *Id.* at 473. This general rule is deemed clearly articulated in a section providing that the Act take effect upon enactment "[e]xcept as otherwise specifically provided." *Reynolds* holds that since the only sections "specifically providing otherwise" call for prospective application,

Congress *must* have intended the statute have generally retroactive application. *Id.*

Quite to the contrary, Congress could have intended that, except as otherwise specifically provided, determining the issue of retroactivity was to be left to the courts. In fact, neither pro-retroactive nor pro-prospective viewpoints could garner the requisite votes that would have enabled them to write their preferred general rule into the Act.[3] Accordingly, both the Democrat and Republican sponsors of the bill expressed their expectation that it would be up to the courts to resolve the issue.[4]

The courts, however, have not decided how to approach a text that is silent on the issue of retroactivity. The Supreme Court, al-

*Roadway Express, Inc.,* 973 F.2d 490, 497 (6th Cir.1992); *Vogel v. Cincinnati,* 959 F.2d 594, 597–98 (6th Cir.1992).

**Seventh Circuit:** *Banas v. American Airlines,* 969 F.2d 477, 483 (7th Cir.1992); *Taylor v. Western & Southern Life Ins. Co.,* 966 F.2d 1188, 1199 (7th Cir.1992); *Luddington v. Indiana Bell Tel. Co.,* 966 F.2d 225 (7th Cir.1992); *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929, 934–38 (7th Cir.1992).

**Eighth Circuit:** *Hicks v. Brown Group, Inc.,* 982 F.2d 295 (8th Cir.1992); *Huey v. Sullivan,* 971 F.2d 1362, 1365 (8th Cir.1992); *Parton v. GTE North, Inc.,* 971 F.2d 150 (8th Cir.1992); *Williams v. Valentec Kisco, Inc.,* 964 F.2d 723, 731 (8th Cir.1992); *Valdez v. Mercy Hosp.,* 961 F.2d 1401, 1404 (8th Cir.1992); *Fray v. Omaha World Herald Co.,* 960 F.2d 1370, 1374–78 (8th Cir.1992).

**Eleventh Circuit:** *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370, 1373 (11th Cir.1992).

**District of Columbia Circuit:** *Gersman v. Group Health Ass'n,* 975 F.2d 886 (D.C.Cir.1992).

Academic commentators are likewise unanimous in the conclusion that there was no "clear congressional intent" the Act apply retroactively. *See* Note, *Retroactive Application of the Civil Rights Act of 1991 to Pending Cases,* 90 Mich. L.Rev. 2035, 2057 (1992) ("Congress simply could not decide whether to apply the Act either retroactively or prospectively."); Comment, *Executive Veto, Congressional Compromise, and Judicial Confusion: The 1991 Civil Rights Act— Does It Apply Retroactively?,* 24 Loy.U.Chi.L.J. 109, 116 (1992) (both the language of the 1991 Civil Rights Act and its legislative history are ambiguous); Comment, *Retroactivity of the Civil Rights Act of 1991,* 44 Baylor L.Rev. 569 (1992) ("[t]he language of the Act provides little guidance concerning the issue of retroactivity"); Recent Developments, *Retroactive Application of the Civil Rights Act of 1991,* 45 Vanderbilt L.Rev. 1319, 1340 (1992) (arguing that neither the language nor the text provide clear evidence of legislative intent to apply the Act retroactively).

*See also* J. Stephen Poor, *Rights Act's Retroactivity Still Disputed,* Nat'l L.J. 19, 22–23 (Jan. 27, 1992) (discussing Congress' inability to reach agreement on the issue of retroactivity).

**2.** Section 109(c) of the Act states that its extension of Title VII's protections to United States citizens working for American companies overseas shall not apply with respect to conduct occurring before the date of enactment. *See* Pub.L. No. 102–166, § 109(c), 105 Stat. 1071, 1078 (1991). Section 402(b) declares that "nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983." Pub.L. No. 102–166, § 402(b), 105 Stat. 1071, 1099 (1991). Section 402(b) is referred to as the "Wards Cove amendment" because its sole effect is to preclude the application of the Act's requirements to pending litigation involving the prevailing party in *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). *See* Note, *supra* note 1, at 2058.

**3.** As the opinion itself points out, Congress rejected both a version of the Act calling for prospective application, as well as a version calling for retroactive application. *Reynolds,* 985 F.2d at 477.

**4.** *See* 137 Cong.Rec. S15,325 (daily ed. Oct. 29, 1991) (statement of Senator Danforth) ("a court would be well advised to take with a large grain of salt floor debate and statements placed into the Congressional Record which purport to create an interpretation for the legislation that is before us"); 137 Cong.Rec. S15,485 (daily ed. Oct. 30, 1991) (statement of Senator Kennedy) ("It will be up to the courts to determine the extent to which the bill will apply to cases and claims that are pending on the date of enactment.").

though it recently had the chance to resolve its own conflicting precedents,[5] chose not to do so on the ground that the statute before it evidenced "clear congressional intent." *See Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 838, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). The law in our own circuit conflicts.[6]

This fall, the Supreme Court will consider whether to retroactively apply the 1991 Civil Rights Act.[7] Just as it did in *Kaiser,* however, the Court can avoid resolving the *Bradley–Bowen* tension by finding "clear congressional intent." If so, our waiting for Supreme Court guidance will have been for naught. On the other hand, consideration by an *en banc* court now would not only allow us to rectify an erroneous opinion, it would provide us the opportunity to resolve our own conflicting precedents.

**II**

Like the Supreme Court, we have generated a conflicting set of decisions regarding the application of a new statute to cases pending at the date of enactment. Like the Supreme Court, we seem to have placed a premium on discovering "clear" legislative intent in otherwise ambiguous statutes in order to avoid having to address the conflict. As in life, such avoidance leads to problems.

The text of the 1991 Civil Rights Act is not clear. In the face of congressional silence, we must determine the general rules regarding presumptive application of statutes to cases pending at the date of enactment. I would grant the petition for rehearing and

accept the suggestion that we hear this case *en banc.*

---

**5.** *Compare Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires that result.") *with Bradley v. Richmond Sch. Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) ("a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary").

**6.** *Compare United States v. Rewald,* 835 F.2d 215, 216 (9th Cir.1987) ("Absent clear legislative in-

tent, commonly expressed through a retroactivity clause, a statute is not given retroactive effect.") *with Gonzalez v. Aloha Airlines, Inc.,* 940 F.2d 1312, 1316 (9th Cir.1991) (adopting *Bradley* presumption of retroactive application where there is no clearly expressed congressional intent to the contrary and when doing so will not result in manifest injustice).

**7.** *See Rivers v. Roadway Express, Inc.,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993) (No. 92–938); *Landgraf v. USI Film Products,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993).