# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-50684
## Summary Calendar
_____


**KIM YVONNE TREVILLION,**

**Plaintiff-Appellant,**

**versus**

**TEXAS REHABILITATION COMMISSION, ET AL.**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(SA-94-CV-642)
_____

April 17, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Kim Yvonne Trevillion ("Trevillion") appeals the district court's grant of summary judgment in favor of her employer, Texas Rehabilitation Commission ("TRC"), on Trevillion's claims that she was sexually harassed and that TRC terminated her employment in unlawful retaliation for her reporting this alleged harassment. After reviewing the evidence in the light most favorable to

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Trevillion, this court affirms.

**BACKGROUND**

Trevillion transferred to the San Antonio-North Field Office of the TRC early in 1993.[*] On March 17, 1993, Trevillion was admonished by her supervisor, Eliseo Smith ("Smith"), for complaints of rudeness filed against her by a TRC client, John Buckley. The very next day, Trevillion complained to the regional director of the TRC that she had been sexually harassed by Smith in January and February of 1993. As soon as a formal complaint of sexual harassment was completed by Trevillion, the complaint was immediately investigated by the area manager for TRC, Jerry Crain ("Crain"). Smith denied all allegations of sexual harassment and Crain concluded that there was no evidence of such harassment. Besides the alleged incidents of harassment in January and February of 1993, Trevillion alleged no further sexual harassment.

Because complaints from co-workers and clients about Trevillion had grown steadily, Smith and Crain discussed these complaints with her. On May 12, 1993, Trevillion was given a written warning urging her to rectify the recurring complaints. Since the complaints continued, on July 2, 1993, Trevillion was placed on conditional employment. On August 26, 1993, she was notified that TRC was considering action adverse to her continued employment and, on August 31, 1993, Trevillion was terminated.

---

[*] Trevillion was transferred to the San Antonio branch of the TRC from the Austin office as part of a mediated settlement agreement of a prior lawsuit filed by Trevillion that alleged racial discrimination and retaliation under Title VII.

After unsuccessfully seeking relief with the Equal Employment Opportunity Commission, Trevillion was issued a right to sue letter and the instant lawsuit followed. In this lawsuit, Trevillion complains that she was sexually harassed at TRC and was unlawfully terminated after she reported this alleged harassment.

## DISCUSSION

This court reviews the district court's grant of summary judgment de novo, employing the same criteria used in that court. *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 588 (5th Cir. 1995). Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual questions and inferences are viewed in the light most favorable to the nonmovant. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir. 1994).

Although Rule 56(c) requires the moving party to demonstrate the absence of a genuine issue of material fact, a dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). If the moving party demonstrates the absence of a genuine issue of material fact, then the nonmovant is burdened with establishing the existence of a

genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986). This burden requires the nonmovant to do more than merely raise some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1355.

### A.  Sexual Harassment

In order to state a prima facie claim under Title VII for unlawful sexual harassment in a hostile work environment, Trevillion must demonstrate the following:

> (1) membership in a protected group; (2) subjection to unprovoked sexual advances, or request for sexual favors, or other verbal or physical conduct of a sexual nature; (3) but for her sex, the plaintiff would not have been the object of harassment; (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive or hostile working environment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.

*Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 198-99 (5th Cir. 1992). *See also Jones v. Flagship Int'l,* 793 F.2d 714, 719-20 (5th Cir. 1986).

As the district court correctly explained, TRC can only be liable under Title VII for the sexual harassment allegedly committed by Smith if it knew or should have known of the harassment and if it failed to take prompt remedial action. *See Cortes,* 977 F.2d at 198-99. Of course, it is Trevillion's burden to demonstrate that TRC both knew or should have known of the harassment and that it failed to effectuate an appropriate remedy. *Carmen v. Lubrizol Corp.,* 17 F.3d 791, 794-95 (5th Cir. 1994) (per

**4**

curiam).

Because Trevillion cannot satisfy this burden, the district court properly awarded summary judgment to TRC on Trevillion's claim of sexual harassment. Upon careful review, the record demonstrates that TRC began an investigation immediately upon receiving Trevillion's complaint; that it interviewed both parties the same day that the complaint was filed; that it counseled Smith about the alleged harassment; and that no further instances of sexual harassment were reported by Trevillion. Since TRC took prompt remedial action to investigate and address Trevillion's complaint of sexual harassment, she cannot state a prima facie case for unlawful sexual harassment in a hostile work environment and summary judgment was properly granted to TRC on this claim.

B.    **Retaliatory Discharge**

Similarly, in order to state a prima facie case of unlawful retaliation, Trevillion must establish

> (1) that she engaged in a statutorily protected activity; (2) that she experienced an adverse employment action following the protected activity; and (3) that a causal link exists between the protected activity and the adverse employment action.

*Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 507 (5th Cir. 1994). A rebuttable presumption of discrimination arise only if Trevillion proves these elements. *See Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 995 (5th Cir. 1993).

Of course, even if a rebuttable presumption of discrimination arises, TRC can rebut this presumption by

articulating a legitimate, non-discriminatory reason for the decision to terminate Trevillion. *Wilson v. Belmont Homes,* 970 F.2d 53, 57 (5th Cir. 1992). If such a reason is articulated by TRC, Trevillion must demonstrate that the reason was merely pretextual and that retaliation was the actual cause for her termination. *St. Mary's Honor Center v. Hicks,* ___ U.S. ___, 113 S. Ct. 2742, 2752 (1993).

The record unambiguously chronicles that TRC had received numerous complaints about Trevillion and that, as a result, TRC had a legitimate, non-discriminatory reason to terminate her employment. Trevillion, by contrast, can offer nothing short of mere conjecture to refute this reasoning and to prove discrimination. Of course, such conjecture is not sufficient to withstand summary judgment for TRC. *See Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1355; *Little v. Republic Ref. Co.,* 924 F.2d 93, 96 (5th Cir. 1991) (explaining that "a plaintiff's subjective belief of discrimination, however genuine, cannot alone be the basis for judicial relief."). As a result, summary judgment was also appropriate for TRC on Trevillion's claim of unlawful retaliation.

## CONCLUSION

For the foregoing reasons, this court AFFIRMS the district court's judgment granting TRC summary judgment against Trevillion's claims of sexual harassment and retaliatory discharge.