# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-40107
_____

### LYNN M. PAULSEN,

Plaintiff - Appellant,

versus

### BEYOND, INC.,

Defendant - Appellee.

_____

### Appeal from the United States District Court
### for the Eastern District of Texas
### (4:94-CV-22)
_____

June 18, 1996

Before POLITZ, Chief Judge, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The critical issue in Lynn M. Paulsen's employment discrimination action is whether, under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2)(C), Paulsen was "regarded" by her employer, Beyond, Inc., "as having ... an impairment" (cancer) that "substantially limit[ed] one or more of [her] major life activities". For this challenge to the summary judgment awarded Beyond as to claimed violations of Title VII and the ADA, we conclude that a material fact issue does not exist for

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

either claim, and that Beyond is entitled to judgment as a matter of law. Therefore, we **AFFIRM.**

I.

Paulsen was employed by Beyond from September 1991 until late October 1993. Beyond sold electronic mail software, and Paulsen served as a regional sales manager. In general, she sold Beyond's product within an eight-state region and helped her customers, as well as resellers, to use the product. Although her title was manager, Paulsen did not supervise other sales employees; however, she did supervise an engineer who provided technical support to Paulsen and her customers. Of Beyond's seven regional sales managers, Paulsen was the only female.

Prior to her employment with Beyond, Paulsen had a form of cancer, which she believed was related to her mother's use during pregnancy of the drug diethylstilbestrol (DES). This had required removal approximately ten years before she began work with Beyond of, among other things, several of her reproductive organs. Believing this experience to be "a strong statement of her determination", Paulsen disclosed her previous condition to Beyond before being hired, including her inability to have children. On the other hand, Paulsen was in good health when hired.

As hereinafter discussed, Paulsen was absent from work from mid-August 1993 until her termination that October. While the summary judgment evidence is conflicting as to some aspects of that

summer, it is apparent at the very least that, by this point, tensions were forming surrounding Paulsen's position at Beyond. For example, while the evidence conflicts as to whether Paulsen was criticized directly by her supervisors, the uncontroverted deposition testimony of Craig Millard was that, as early as June, he had been hired to search for someone to fill Paulsen's role.

In mid-August, Paulsen informed her supervisor, Mike Allen, that she was ill, was unable to work, and was scheduled for medical tests. On September 10, she contacted Allen by e-mail to inform him of her medical status, stating that, although she required surgery to remove scar tissue obstructing her small intestine, the surgery would be postponed in order for her to attend her grandmother's funeral; that the rescheduled surgery would take place the following week; and that she anticipated only a three to five day recovery.

A week later, Paulsen contacted Beyond's chief financial officer by facsimile mail regarding her absence due to her hospitalization and the death of her family member in order to provide him with necessary documentation for disability pay. And, at the end of September, Paulsen spoke with Allen by telephone to discuss both her health and the status of her business. According to Paulsen, during their conversation, Allen inquired, "You used to have cancer, didn't you? Aren't you afraid it's going to come back?"

On October 5, Beyond hired another person to be the regional sales manager for the territory Paulsen handled. In her deposition, Paulsen stated that she had heard a rumor that Allen "had an old buddy friend of his from [another] Corporation that he was thinking about hiring for [her] region". That Thursday, October 7, Paul Guerin telephoned Paulsen to inquire about her status, and asked Paulsen about her prior cancer and whether she was concerned that her current problems were related. (By October, Guerin had assumed the position that had been held by Mike Allen, and had become Paulsen's supervisor.) Paulsen did not return to work the next day (Friday), but spoke again with Guerin by telephone to inform him that she was ready to return that Monday, October 11.

Guerin and Paulsen spoke again on Sunday, October 10; he informed her that Beyond did not want her to return to work and suggested that they negotiate a mutually acceptable separation. Paulsen asked Guerin to explain why Beyond wanted to terminate her employment, and he cited her below-goal sales figures, tardy expense reports, and tardy and inaccurate sales projection reports. Guerin asserted, but Paulsen denied, that these matters had been discussed previously with her by her former supervisor, Mike Allen.

No agreement was reached, and Paulsen filed this action in February 1994 under Title VII and the ADA. The district court granted Beyond's motion for summary judgment on each claim.

II.

- 4 -

Paulsen contests the summary judgment.  It goes without saying that we review it *de novo*, applying the same standard as the district court: the evidence, and reasonable inferences from it, are considered in the light most favorable to the nonmovant; and the "judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law".  **Dutcher v. Ingalls Shipbuilding**, 53 F.3d 723, 725 (5th Cir. 1995); FED. R. CIV. P. 56.  "[T]he substantive law will identify which facts are material", and "[a] dispute about a material fact is `genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party".  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).

No authority need be cited for the rule that we consider only the summary judgment record that was before the district court.  In that regard, Beyond moved in district court to strike much of Paulsen's summary judgment evidence on grounds that parts of her affidavit were based on facts of which she had no personal knowledge, or were inadmissible hearsay, or were conclusory, or conflicted with her deposition; and that exhibits were not properly authenticated.  The court granted the motion in part, and Paulsen challenges this ruling.

The court struck the following: (1) Paulsen's statements regarding employment negotiations with other employees as to which she had no personal knowledge; (2) her statement regarding her

- 5 -

status as a national account manager, noting that it could not qualify as an admission of a party opponent because Paulsen failed to identify the declarant; (3) her recitation of statements made by former employees, which were hearsay; (4) notes on her sales meetings and the text of an e-mail message, the substance of which is duplicated elsewhere in the summary judgment evidence, because Paulsen failed to supply the needed facts to qualify documentary evidence under the hearsay rule; and (5) portions of her affidavit and that of a co-worker that contained conclusory statements. We need not determine whether the court erred in striking this part of the record, because none of that evidence is sufficient to create a material fact issue as to either claim.

## A.

It is undisputed that Paulsen has satisfied her initial burden of presenting a prima facie case for a Title VII claim. At issue is whether she fails to satisfy her burden of creating a material fact issue that Beyond's explanation was not the real reason for her termination *and* that unlawful discrimination motivated Beyond. *See*, ***Bodenheimer v. PPG Industries, Inc.***, 5 F.3d 955, 957 (5th Cir. 1994).

As its basis for termination, Beyond relies upon (1) Paulsen's failure to achieve sales quotas; (2) her failure to properly and timely complete sales projection reports; (3) her failure to timely submit expense reports; (4) her inaccessibility to customers and

supervisors; (5) her failure to return their telephone calls; and (6) customer complaints. And, Beyond asserts that Paulsen has not created a material fact issue as to the required discriminatory motive.

Paulsen contends that the following creates a material fact issue on motivation: (1) she was the only female regional sales manager; (2) she was ranked second in sales on a monthly report, yet was dismissed when those male sales managers below her were retained and not disciplined for low sales; (3) she was fired by, and replaced by, males; (4) her co-worker stated that Paulsen had been humiliated in a meeting in a manner the co-worker described as sexist; (5) early in her tenure with Beyond, it was unresponsive to her complaints regarding sexual harassment by another employee; and (6) two male employees were not fired, although they were away from work for extended periods due to illness. As discussed below, we agree with the district court that, on this record, a material fact issue does not exist as to whether Paulsen's gender was a factor in her dismissal.

That Paulsen is female and was replaced by a male merely establishes her prima facie case (which is undisputed) and is insufficient to create a material fact issue on discriminatory motive.

Paulsen's contention regarding other salespeople not being disciplined is not borne out by the record. She admitted that one

person was disciplined for low sales and that another, a regional sales manager of similar seniority, was also dismissed. Both persons out-sold Paulsen from January through August 1993. Two other sales managers, each of whom occupied the position for a shorter period than Paulsen, were fired for low sales, even though their sales were higher than Paulsen's at the time of their discharge.

There is no evidence linking Paulsen's being harassed by her fellow employee to her termination years after the resolution of the episode, and she admits that the incidents ceased after she complained to her supervisor, Mike Allen. Moreover, the employee who was the subject of the complaints was discharged.

The only evidence regarding allegedly sexist remarks made to Paulsen at a sales meeting is the opinion of a former fellow employee that the comments were of that nature. Paulsen offered no evidence linking these remarks, alleged to predate her termination by a year, to her dismissal. This is insufficient to create a fact issue on discriminatory motive. *See* ***Wilson v. Belmont Homes, Inc.***, 970 F.2d 53, 57 (5th Cir. 1992) (plaintiff failed to satisfy burden of proof on discriminatory motive when she presented evidence of employer comment that plaintiff's was "a man's job" but failed to tie comment to motive for firing).

The male employees whom Paulsen asserted were absent due to illness neither occupied regional sales manager positions as did

- 8 -

Paulsen, nor did they suffer similar illnesses.  Their experiences also do not suffice to create a fact issue regarding discriminatory motive.  *See generally,* **Florence v. Frank**, 774 F. Supp. 1054 (N.D. Tex. 1991) (plaintiff failed to survive summary judgment on discrimination claim where he compared employer's treatment of him to treatment of employee who suffered different injury because employees were not similarly situated).

While Paulsen offers facts that would suggest Beyond was pleased with her work (customer compliments, Beyond's request that she conduct important meetings), these do not create a material fact issue that the real reason for her termination was her gender. As stated, summary judgment was proper as to the Title VII claim. *See generally*, **Rhodes v. Guiberson Oil Tools**, 75 F.3d 989, 994 (5th Cir. 1996) (en banc) (instructing that, in comparable area of ADEA law, plaintiff can avoid summary judgment if evidence taken as whole (1) creates fact issue as to whether employer's stated reasons actually motivated actions, and (2) creates reasonable inference that [gender] was a determinative factor in actions of which plaintiff complains).

B.

A person is "disabled" under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, if she suffers any one of three alternatives:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102 (2).

Paulsen, most belatedly in her reply brief, claims ADA coverage only as to the third alternative, "being regarded as having such an impairment". As to the district court's conclusion that ADA coverage was lacking, Paulsen's opening brief on appeal does not adequately brief this point. While she does urge us at length to conclude that the district court improperly concluded that Beyond's inquiries about her condition were not sufficient to establish *discriminatory intent*, Paulsen does not adequately brief whether those same inquiries, combined with other summary judgment evidence, were sufficient to establish that Beyond *regarded Paulsen as disabled*. Only in her reply brief does she finally address the failure to prove ADA coverage under the "regarded as" provision, saying only that (1) she did not claim to be disabled, but rather that she was perceived to be disabled; (2) that what was required to establish a prima facie case under this provision "created problems for the Trial Court"; and (3) that, in a "regarded as" case, typical standards do not apply. Needless to say, this discussion does little to frame a cogent issue for our consideration; and, on this basis alone, we could affirm summary

judgment on the ADA claim. *See* FED. R. APP. P. 28(a)(6); *e.g.*, ***Weaver v. Puckett***, 896 F.2d 126, 128 (5th Cir.) (noting that Rule 28 requires that appellant's argument contain reasons and supporting authority appellant deserves relief requested, and holding that, because appellant failed to argue point in body of brief, argument considered abandoned), *cert. denied*, 498 U.S. 966 (1990).

In any event, as the district court concluded, Paulsen fails to demonstrate that she is covered by this statutory provision because she offered no evidence of Beyond's "perception of the limiting effects" of her supposed recurrence of cancer. The EEOC regulations define "regarded as having such an impairment" as follows:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such a limitation;
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) Has none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(l).

Because Paulsen maintains that she did not have an "impairment" (did not have cancer), she must satisfy the regulation's third alternative: that Beyond "treated ... [her] as

- 12 -

having a substantially limiting impairment".  We agree with the district court that, to establish ADA coverage under this part, Paulsen must do far more than simply assert that Beyond believed she was suffering a recurrence of cancer.  She must create a material fact issue that Beyond treated her as if the supposed cancer substantially limited a major life activity.

In its summary judgment motion, Beyond asserted that Paulsen had failed to present a material fact issue as to whether she was "disabled" within the meaning of the ADA.  In response to the motion, Paulsen addressed the "limiting effects" aspect of her claim with only a parenthetical, conclusory statement that "[c]ancer is an obvious disability - particularly where it has required removal of important bodily organs and has limited various major life functions such as childbirth and urinary functions".

Obviously, this conclusory statement primarily describing a previous condition, without more, is insufficient to establish ADA coverage.  Moreover, cancer is not *per se* a disability; rather, in individual cases, it may not substantially limit a major life activity. *See*, ***Ellison v. Software Spectrum, Inc***., __ F.3d __ (5th Cir. 1996), 1996 WL 284969 (finding plaintiff's cancer did not substantially limit any major life activity and thus was not a disability).

As record support for the conclusory statement that "[c]ancer is an obvious disability - particularly where it has required

removal of important bodily organs and has limited various major life functions such as childbirth and urinary functions", Paulsen cites to the following portion of her affidavit:

> During the years 1978 through 1983, I had many organs removed because of a diagnosis of cancer. My mother had taken DES during her pregnancy with me to prevent miscarriage, but this drug was later found to cause clear-cell carcinoma polyps and other bad side effects to offspring. I had the following organs removed: Fallopian Tubes, Ovaries, Uterus, Appendix, Gallbladder, parts of muscle, liver, and abdomen wall. This resulted in my being unable to bear children. I also have problems with urinary incontinence, and I have no natural hormones which results in an inability to regulate my body temperature, among other things.

As hereinafter discussed, this evidence is insufficient to satisfy Paulsen's burden under Rule 56 and the law of our circuit.

As the party who did not bear the burden of proof at trial on coverage under the ADA, Beyond was not required to produce evidence negating the existence of a material fact. Instead, its burden was to point out the absence of evidence supporting Paulsen's case. *E.g.*, **Latimer v. Smithkline & French Laboratories**, 919 F.2d 301, 303 (5th Cir. 1990). Accordingly, once Beyond submitted a properly supported summary judgment motion, in which it pointed, *inter alia*, to the lack of evidence supporting Paulsen's "regarded as" contention, Paulsen was required to designate the specific facts in the record that created a material fact issue.

Assuming *arguendo* that Beyond believed that Paulsen had cancer, Paulsen did not present any evidence that Beyond *treated her* as having cancer *that substantially limited a major life activity*. Standing alone, the above-quoted portion of her affidavit, upon which she relies for her claimed ADA coverage, does not address this critical point. Nor does Paulsen explain how any of the record evidence created a material fact issue on whether Beyond so treated her. Nor are we required to attempt to weave evidence together for her. Rule 56 does not impose upon us a duty to survey the entire record in search of evidence to support the nonmovant's position. *See* **Forsyth v. Barr**, 19 F.3d 1527, 1537 (5th Cir.) (quoting **Skotak v. Tenneco Resins, Inc.**, 953 F.2d 909, 915 n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992)), *cert. denied*, __ U.S.__, 115 S. Ct. 98 (1994).

Alternatively, even attempting to piece together the evidence to create the requisite material fact issue, we are unable to do so. The only record evidence that we can hypothesize to be even arguably relevant to whether Beyond treated Paulsen as having cancer that substantially limited any of her major life activities was: (1) Guerin's admissions in his deposition that he questioned Paulsen about whether she was concerned that the health problems she experienced in 1993 were in some way related to her previous cancer; (2) Paulsen's descriptions in her affidavit of the sometimes severe symptoms of her prior cancer; and (3) Guerin's

- 15 -

belief at the time, as he described in his deposition, that Paulsen would be too sick to return to work.

As stated, to create a material fact issue on this point, the evidence must demonstrate that Beyond treated Paulsen, not merely as if she had cancer, but as if she had cancer that substantially limited a major life activity. *Even assuming* that the problems caused by Paulsen's prior cancer, as described by Paulsen in her affidavit, would suffice to demonstrate the limitation of a major life activity, *and even further assuming* that Guerin's inquiry could establish that Beyond treated Paulsen as if her present inability to return to work established that she was suffering a recurrence of *that same cancer*, Paulsen presents no evidence that Beyond appreciated the gravity of her previous cancer in such a way that it believed it to have *substantially limited a major life activity.*

Neither logic nor the ADA compel the conclusion that one who believes a person to be suffering from cancer must believe *ipso facto* that the cancer substantially limits a major life activity. Paulsen simply does not establish, nor can we deduce, in what way Beyond treated Paulsen as if she suffered from any illness that had the requisite limiting effects to trigger ADA coverage. Because Paulsen failed to establish a material fact issue as to ADA coverage, summary judgment was proper on that claim.

III.

For the foregoing reasons, the judgment is

AFFIRMED.