# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

m 99-10757
Summary Calendar

———————————

CHARLES R. CONNOR,

Plaintiff-Appellant,

VERSUS

UNITED STATES POSTAL SERVICE
and
WILLIAM J. HENDERSON,
Postmaster General, United States Postal Service,

Defendants-Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CHARLIE  R. CONNOR,

Plaintiff-Appellant,

VERSUS

WILLIAM J. HENDERSON,
Postmaster General, United States Postal Service,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:85-CV-517-T)

———————————————

February 21, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Charles Connor, a former employee of the United States Postal Service, appeals an adverse judgment following a bench trial of his claims of unlawful employment discrimination and retaliation under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a(c).[1] He also appeals the holding that his claim of discrimination arising in 1980 was untimely. Finding no error, we AFFIRM.

I.

To succeed on a claim of unlawful employment discrimination on the basis of race or age, or of unlawful retaliation for raising such claims, the employee must prove improper motive. Where the employer has offered a lawful explanation, the employee must establish that the asserted justification is pretext that conceals an improper purpose. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11 (1993) (title VII); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (ADEA).

We review only for clear error a factual conclusion that an employer did not engage in unlawful discrimination. *See Boehms v. Crow-*

*ell*, 139 F.3d 452, 457 (5th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999). "Where the evidence can support findings either way, a choice by the trial judge between two permissible views of the weight of the evidence is not clearly erroneous. . . . A trial court's decision to credit the testimony of one, two, or more witnesses, each of whom has told a coherent, facially-plausible story that is not contradicted by extrinsic evidence, . . . can virtually never be clear error." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 490 (5th Cir. 1999), *petition for cert. filed* (Jan. 18, 2000) (No. 99-1203).[2]

II.

Although Connor alleges multiple episodes of unlawful discrimination and retaliation during his final decade of employment, he fails to show clear error in the district court's factual findings. His bare assertion of statistical discrepancy in the number of blacks in management is not enough to *mandate* a finding of discrimination.[3] Moreover, the evidence presented by the Postal Service and contained in the record amply supports the conclusion that, throughout the term of Connor's employment, the Postal Service was motivated by ability to do the job, and not race

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Connor filed two actions that were consolidated; we treat them as one.

[2] Connor received a trial *de novo* to review the similar conclusion of the Merit Systems Protection Board that the Postal Service did not engage in unlawful employment discrimination. *See* 5 U.S.C. § 7703(c). Appellate review of the decisions of that board and of the district court thus merge into a single inquirySSwhether the court made reasonable factual findings on the basis of all the evidence.

[3] *Cf. Walter v. Lone Star Gas Co.*, 977 F.2d 161 (5th Cir. 1992) (noting that "it is the unusual case in which statistics alone can support a finding of intentional discrimination").

or age.

For example, the Postal Service presented credible evidence that area manager Charles Flagg refused to recommend Connor for a promotion in July 1980 and again that September, on the ground that Connor was not performing productively,[4] was not adequately supervising check cashing policies, and was having problems with financial audits. Moreover, Flagg actually recommended Connor for a promotion in November, after Connor's MPD numbers and audit picture began to show improvement. That promotion, the court reasonably found, was denied only because Connor had failed during the interview to convey knowledge of his own station's productivity or where his station stood with regard to performance goals, and could not articulate what goals he would have for the station to which he was seeking a promotion.

Thus, Connor was unaware of his own productivity numbers and did not know where he stood on his own budget. By contrast, the other candidates were familiar with their stations' status and statistics. Among those receiving promotions include at least two other black supervisors, a fact that alone tends to negate any inference of discriminatory intent.[5]

The court was similarly reasonable in

---

[4] For example, Flagg noted that Connor's minutes-per-delivery performance was too high.

[5] *See Singh v. Shoney's Inc.*, 64 F.3d 217, 219 (5th Cir. 1995) ("Singh [a white female] failed to make out a prima facie case of racial discrimination on this record, because she was replaced by a white female."); *Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997) ("While not outcome determinative, this fact [that a Hispanic employee is succeeded by another Hispanic] is certainly material to the question of discriminatory intent.").

finding that continued problems in Connor's job performance justified his poor evaluation in 1984 and the Postal Service's 1987 and 1989 rulings regarding his requests for backpay. Finally, the testimony of William Skinner, the psychiatrist who examined Connor in February 1990, supports the finding that the Postal Service had deemed Connor no longer medically able to perform his duties, and discharged him for that reason.[6] The rebuttal testimony of Dr. Judy Cook was insufficient to preclude a reasonable fact-finder from crediting Skinner's diagnosis.[7]

Having reasonably reached these numerous factual conclusions, the court did not commit clear error in holding that Connor's inability to do the job, rather than race or age, motivated the adverse employment actions. The judgment is AFFIRMED.

---

[6] Specifically, Skinner diagnosed Connor with a paranoid personality disorder and concluded that Connor was very sensitive, had extreme distrust, read hidden meanings into straightforward communications, and used inflammatory phrases, such as the "Four Horseman of the Apocalypse," when explaining his perception that there was a conspiracy to harm him. The court was entitled not only to give credence to the diagnosis that Connor was unfit for duty, but also to discredit Connor's testimony accordingly.

[7] We need not pass judgment on the *merits* of the Postal Service's ability determination, for "our inquiry is not into the merits of the employer's employment decisions but into the motives." *Wilson v. Belmont Homes, Inc.,* 970 F.2d 53, 57 (5th Cir. 1992).