United States Court of Appeals,

Fifth Circuit.

No. 91–4675.

Jasper C. ROWE, Plaintiff–Appellant

v.

Louis W. SULLIVAN, SECRETARY OF HEALTH AND HUMAN SERVICES, et al.,
Defendants–Appellees.

Aug. 5, 1992.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM, REYNALDO G. GARZA, and JONES,[*] Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

rimination on this basis. The district court dismissed Appellant's claim, and this appeal followed. We affirm the

BACKGROUND

The Department of Health and Human Services ("HHS"), formerly the Department of Health, Education and Welfare, employed plaintiff Jasper C. Rowe, a Black male, as a senior attorney in Region VI of the Office of the General Counsel from 1971 until his resignation in 1985. Rowe was supervised by defendants Frank Smith III, who served as Regional Attorney of Region VI from November 1981 until May 1984, Isabel Dunst, who served as Associate General Counsel from 1979 until the time of Rowe's resignation, and Gayla Fuller, who served as Deputy Regional Attorney of Region VI at the time of Rowe's five-day suspension in March, 1984.

Over the course of his employment at HHS Rowe filed a total of four discrimination complaints with the Equal Employment Opportunity Commission ("EEOC"). His most recent complaint, filed September 24, 1984, alleged that his supervisors engaged in a continuing pattern of reprisals against him. This last complaint led to the instant appeal.

---

[*]Judge Jones concurs in all parts of this opinion save Part III, in which she concurs in the result only.

Rowe's final complaint was precipitated by the aforementioned suspension, imposed upon him on May 21, 1984, after HHS officials found that Rowe had engaged in outside professional work without proper permission, used government time and equipment for non-government activities, and for taking an extended lunch break. Rowe claims that White employees in similar positions who had been guilty of similar conduct were dealt with more leniently. Rowe resigned from HHS in 1985, but continued to pursue his EEOC complaint. On January 14, 1988, the EEOC Office of Review and Appeals affirmed HHS's final decision, resolving that HHS did not commit an act of reprisal against Rowe in suspending him. Rowe requested that the EEOC reconsider its decision. The EEOC denied Rowe's request.

Rowe filed suit in the district court after receiving a right to sue letter from the EEOC. Rowe raised claims of violations under Title VII of the Civil Rights Act of 1964 (codified as amended at 42 U.S.C. § 2000e *et seq.*), and under 42 U.S.C. §§ 1981, 1983, and 1985(3). The district court found that Rowe's § 1981 and § 1983 claims were barred because Title VII precluded alternate remedies for federal employees alleging employment discrimination. By order dated May 4, 1990, the court determined that the § 1985(3) claim was substantially identical to the Title VII claim, and held it also to be barred. The court held further that it lacked jurisdiction over Rowe's claims because Rowe had not filed his request for reconsideration by the EEOC in timely fashion. Rowe moved for reconsideration on May 14, 1991.

On June 25, 1990, the district court vacated its judgment and dismissed with prejudice all of Rowe's claims except those under Title VII. That order also stayed further proceedings on the case pending decision of the U.S. Supreme Court in *Irwin v. Veterans Administration,* ⸺ U.S. ⸺, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

The district court lifted the stay on June 11, 1991 and, deciding on the basis of *Irwin* that the filing deadline for Rowe's judicial complaint should not be equitably tolled, granted Defendant's

Motion for Summary Judgment, dismissing all of Rowe's claims with prejudice.  Rowe appeals.


ANALYSIS

I. *Title VII Pre-empts Rowe's Claims Raised under 42 U.S.C. §§ 1981, 1983 and 1985(3).*

As this Court has noted previously, "[i]t is well settled that the provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims."  *Hampton v. Internal Revenue Service,* 913 F.2d 180, 183 (5th Cir.1990).  We based our observation on *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), in which the Supreme Court stated "that Congress intended [Title VII] to be exclusive and pre-emptive" regarding federal employment.  *Id.* at 829, 96 S.Ct. at 1966.  In his main brief, Rowe states that *Brown* does not in fact stand for the proposition that Title VII is his exclusive remedy.  The precedent in this Circuit, however, is clearly that *Brown* stands for the proposition that "Title VII is the exclusive judicial remedy for claims of discrimination in federal employment."  *Watkins v. Lujan,* 922 F.2d 261, 263 (5th Cir.1991).  As the district court noted, Rowe relies on the same facts in asserting both his Title VII claim and his claim under § 1985(3), which is therefore not sufficiently distinct to avoid the bar.  See *Irwin v. Veterans Administration,* 874 F.2d 1092, 1095–96 (5th Cir.1989), *aff'd on other grounds,* —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).


Rowe contends that even if the law at the time of the district court's order made Title VII his exclusive remedy, Congress expanded the range of actions available to him by virtue of the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071–1100 ("the Act"), which the President signed into law on November 21, 1991.  At the time of the district court's order, § 1981 stated:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Title I § 101(2) of the Act added the following paragraphs to § 1981:

> (b) For purposes of this section, the term "make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Rowe reads these additions as overruling *Brown* 's holding that Title VII is his exclusive remedy. Whatever the meaning of these new additions, however, we have recently held that Section 101 of the Act does not apply retroactively. *Johnson v. Uncle Ben's, Inc.,* No. 91–2590, slip op. at 23, —— F.2d ——, —— (5th Cir. July 1, 1992). This brings us in line with the other Circuit Courts which have found themselves in the unenviable position of having to rule on this thorny issue. See *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir.1992); *Mozee v. American Commercial Marine Serv. Co.,* 963 F.2d 929 (7th Cir.1992); *Luddington v. Indiana Bell Telephone Co.,* No. 91–2320 —— F.2d —— (7th Cir. June 15, 1992).

II. *The District Court did not err in Finding that Rowe's Request for Administrative Reconsideration was Untimely under the Law in Effect at the Time of the Decision Below*.

By statute, an employee must file his Title VII suit against the federal government "[w]ithin thirty days of receipt of notice of final action taken by [the employing agency] or by the Equal Employment Opportunity Commission." 42 U.S.C. § 2000e–16(c). Pursuant to an express Congressional delegation of rule-making authority, the EEOC has promulgated regulations governing the reopening or reconsideration of its decisions. *See* 42 U.S.C. § 2000e–16(b). The filing of a timely request to reopen an EEOC decision tolls the statutory time limit. *Donaldson v. Tennessee Valley Authority,* 759 F.2d 535, 538 (6th Cir.1985).

The district court held Rowe's Title VII claim was barred because he did not file his request for administrative reconsideration in timely fashion. EEOC's regulations state, in pertinent part:

>Parties may request reopening or reconsideration provided that such request is made within 30 days of receipt of a decision issued pursuant to § 1613.234 or within 20 days of receipt of another party's timely request to reopen.

29 C.F.R. § 1613.235(b).

The regulations also state

>A document shall be deemed timely if it is delivered in person or postmarked before the expiration of the applicable filing period, or if, in the absence of a legible postmark, it is received by mail within five days from the expiration of the applicable filing period.

29 C.F.R. § 1613.240(b).

Rowe dated his request for reconsideration March 2, 1987[1], but failed to mail it until March 7. Rowe contends that a genuine issue of material fact exists as to when he received notice of the EEOC's January, 1988 decision. The EEOC sent its decision by certified mail. According to the stamp on the envelope, the postal service attempted delivery on January 26, and again on February 3. Rowe contended at oral argument that it is not the postal service's practice to place the date of a second attempted delivery on an envelope unless the second attempt was unsuccessful. Rowe has not, however, submitted any summary judgment evidence in support of this contention. *See* Fed.R.Civ.P. 56(c), (e). All the evidence of record indicates that the postal service made delivery on February 3, the date on the certified mail receipt form signed by Rowe's wife. The record also includes an affidavit from a claims inspector at the post office which delivered the EEOC's notice. The affiant states that the receipt is a business record which indicates that the post office completed delivery on February 3.

Rowe contends that he did not receive the EEOC determination until February 4, contending that he was out of town on February 3 and 4. Rowe apparently has no personal knowledge as to when the post office completed delivery. Rowe alleges that his wife signed the certified mail receipt

---

[1]He apparently meant "1988."

on February 4.  As previously noted, however, the date written on the certified mail receipt is February 3.  Rowe has submitted no affidavit from his wife to the effect that the date on the receipt is in error.  Rather, he argues that it stands to reason that delivery had to have occurred February 4 because, Rowe claims, the postal service would not have stamped the envelope February 3 unless the attempted delivery on that date had been unsuccessful.  In any case, to withstand Appellees' motion for summary judgment, it does not suffice for Rowe to merely state that the documents of record are in error.  It was Rowe's responsibility to submit evidence showing that a genuine dispute existed.

We note that receipt of the notice by Rowe's wife would trigger the 30 day clock.  *Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247, 1249–50 (5th Cir.1985).  If the postal service made delivery on February 3, then Rowe's request for reconsideration would have had to be postmarked no later than March 4, 1988.  If, however, delivery was not completed until February 4, then the 30 day clock would seem to end March 5.  We are puzzled as to why Rowe waited to mail his request, dated March 2, until March 7.  At oral argument, Rowe stated that he did this because March 5 was a Saturday, and the regulations indicate that requests should be mailed on business days.  *See* 29 C.F.R. 1613.240(a).[2]  We do not read the regulations as mandating that Rowe not mail his request on a Saturday, assuming that the 30 day period had not yet run out.

In any case, the evidence of record clearly indicates that there is no *genuine* issue of material fact that the postal service completed delivery on February 3.  Therefore, the district court did not err in finding that Rowe did not request reconsideration in timely fashion.

Rowe contends that even if his complaint was untimely, the EEOC waived the thirty day limit

---

[2]This regulation, regarding the computation of time, reads:

> The first day counted shall be the day after the event from which the time period begins to run and the last day of the period shall be included, unless it falls on a Saturday, Sunday, or a Federal holiday, in which case the period shall be extended to include the next business day ...

by docketing and acting on his request for reconsideration. We have held, however, that such agency action does not, in and of itself, constitute a waiver. *Oaxaca v. Roscoe,* 641 F.2d 386, 390–91 (5th Cir.1981). In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely. See *Munoz v. Aldridge,* 894 F.2d 1489, 1494–95 (5th Cir.1990). A mere statement that a request for reconsideration is timely does not suffice "because agencies may inadvertently overlook timeliness problems and should not thereafter be bound." *Henderson v. United States Veterans Administration,* 790 F.2d 436, 441 (5th Cir.1986). As the EEOC made no such finding in this case, there was no agency waiver of the timeliness argument.

At oral argument, Rowe contended that there in fact never was a thirty day time limit because the proper regulation in this case is not 29 C.F.R. § 1613.235(b), but rather 29 C.F.R. § 1613.235(a), according to which:

> The Commission may, in its discretion, reopen and reconsider any decision of the Commission notwithstanding any other provisions of this part.

Assuming *arguendo* that the thirty day limit does not apply to this section regarding any effect that it would have as to a party who would be time-barred from filing his or her own request for reconsideration, it cannot aid Rowe. This is not a case in which the EEOC *sua sponte* decided to reopen and reconsider its decision. Rather, Rowe requested that the EEOC reopen and reconsider its decision, and the EEOC denied the request. Section 1613.235(b) is clearly the applicable section.

Rowe argues further that the district court erred in not excusing any untimeliness on equitable grounds. Equitable tolling applies to the statutory time limits in 42 U.S.C. § 2000e–16(c). *Irwin v. Veterans Administration,* —— U.S. ——, —— – ——, 111 S.Ct. 453, 456–58, 112 L.Ed.2d 435, 443–44 (1990). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Id.* at ——, 111 S.Ct. at 457, 112 L.Ed.2d at 444. The federal courts have allowed equitable tolling

in situations where the claimant has actively pursued his judicial remedies by filing a defective

pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Id.* [Footnotes omitted].

In other words, equitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims. Rowe, however, is highly sophisticated regarding Title VII, and has defended the United States against such claims. Rowe contends that the district court should have applied equitable tolling because, he claims, he was surprised when Appellees brought up this defense for the first time at the judicial stage, having never mentioned it during the administrative process. Rowe's argument lacks merit. Equitable tolling in Title VII cases may apply if a claimant, due to his lack of sophistication, does not understand the procedures. We will not apply equitable tolling on the basis that timeliness was not raised as a defense at the administrative stage.

Having considered Rowe's arguments, we conclude that his request for administrative reconsideration was time-barred under the law as it stood prior to the Act.

III. *We Defer to the EEOC's Opinion that The Act does not Apply Retroactively in Title VII Actions.*

Rowe contends that even if the district court's opinion was correct under the law at the time of its decision, the Act extended the filing time from 30 to 90 days. Section 114(1) of the Act extends the time for filing a judicial action from 30 to 90 days. Rowe claims that the administrative deadline in the regulations tracks the statutory deadline, and that therefore the Act implicitly extended the time for filing a request for reconsideration to 90 days. Even if Congress meant to implicitly alter 29 C.F.R. § 1613.235(b), however, this would not benefit Rowe unless the Act applies retroactively to cases pending on appeal.

In *Johnson,* we found it unnecessary to decide whether the Act applies retroactively regarding its amendments to Title VII, No. —— F.2d at ——, and so we explore the issue here. The Act, on

its face, does not make clear whether the courts should apply it retroactively or only prospectively. Section 402 of the Act states that "[e]xcept as otherwise specifically provided, this Act and the Amendments made by this Act shall take effect upon enactment."  As the Sixth Circuit has recognized, "[t]his language could be construed to mean either that the Act should be applied to any charge or case pending on or after the date of enactment, or that it should be applied only to conduct occurring after that date." *Vogel v. City of Cincinnati,* 959 F.2d 594, 598 (6th Cir.1992).  This is because, as noted by the Eighth Circuit,

> many regulatory statutes contain a compliance grace period, [therefore] a provision clarifying that the Act would be immediately effective is hardly evidence of congressional intent that it be applied retroactively, particularly when Congress deleted explicit retroactivity provisions from earlier bills.

*Fray,* 960 F.2d at 1376.

And delete, Congress did.  Congress passed an explicitly retroactive Civil Rights statute in 1990, which the President vetoed because of what he felt to be "unfair retroactivity rules."  136 Cong.Rec. S.16562 (daily ed. Oct. 24, 1990).  Congress failed to override the veto.  The House then passed another expressly retroactive bill in 1991.  A bi-partisan Senate committee, however, drafted a compromise bill, S.1745, which deleted the retroactivity provisions.  It was this bill which became law.

Congress has left us with language born of compromise in which there was carefully crafted "ambiguity as to whether Congress intended the Act to be generally retroactive." *Fray,* 960 F.2d at 1376.  The legislative history is equally unenlightening.  For example, Senator Danforth, one of bill's sponsors, stated that the Act was to apply only prospectively.  137 Cong.Rec. S.15,483 (daily ed. Oct. 30, 1991).  Another sponsor, Senator Kennedy, expressed disagreement with that view.  *Id.*

In the absence of clear indication of Congressional intent, whether to apply a statute retroactively or merely prospectively has caused some confusion for the judiciary.  Prior to *Thorpe*

*v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), the federal courts held generally to the principle that statutes apply only prospectively in the absence of clear indication of contrary Congressional intent. See *Hassett v. Welch,* 303 U.S. 303, 314, 58 S.Ct. 559, 564, 82 L.Ed. 858 (1938). In *Thorpe,* however, the Supreme Court, quoting Chief Justice Marshall's opinion in *United States v. Schooner Peggy,* 1 Cranch 103, 110, 2 L.Ed. 49, 51 (1801), stated that the presumption goes the other way. 393 U.S. at 282, 89 S.Ct. at 526.[3]

In *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court, relying again of Chief Justice Marshall's reasoning, seemed to strengthen *Thorpe* by stating that

> the principle [is] that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.

*Id.* at 711, 94 S.Ct. at 2016.

In *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), however, the Supreme Court stated:

> Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.

---

[3]Chief Justice Marshall stated:

> It is in the general true that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional ... I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns ... the court must decide according to existing laws, and if it be necessary to set aside a judgment, which cannot be affirmed but in violation of law, the judgment must be set aside.

*Id.* at 208, 109 S.Ct. at 471.

In *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), the Court recognized this "apparent tension" in its precedents, *id.* at 837, 110 S.Ct. at ——, but it did not settle the issue because there was clear evidence of congressional intent, and "where congressional intent is clear, it governs." *Id.*

The Seventh Circuit has suggested in *dicta* that it might be appropriate to give retroactive application to procedural amendments, but apply substantive changes only prospectively. *Mozee,* 963 F.2d at 933–34. In *Johnson,* "[w]e follow[ed] the canon that statutes affecting substantive rights "are ordinarily addressed to the future and are to be given prospective effect only.' " —— F.2d at —— (quoting *Turner v. United States,* 410 F.2d 837, 842 (5th Cir.1969)). Rowe argues that the issue of whether the time limit is 30 or 90 days is procedural. This would certainly be the case if the Act had been signed into law during the 30 day period in which Rowe could have timely filed a request for reconsideration. Rowe, however, attempts to use the Act to revive a right which we have determined to have been extinguished under the law as it was at the time of the events in question. Therefore, this issue has substantive attributes. For the reasons discussed below, however, we find it unnecessary to determine whether this question is essentially substantive or procedural.

In this case, if there is anything clear about Congressional intent, it is that Congress clearly intended to leave the question of retroactivity to others. In the case of whether or not legislative overruling of *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) would apply retroactively, the question has been left to the courts. Such is not the case, however, with amendments to Title VII, which the EEOC administers. Had we determined that this case required us to decide whether Congress intended that its amendments to 42 U.S.C. § 1981 apply retroactively, we would have made a *de novo* determination of congressional intent. We do not do so here because if

the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

On December 27, 1991, the EEOC issued a policy statement that it "will not seek damages under the Civil Rights Act of 1991 for events occurring before November 21, 1991." EEOC Notice No. 915.002. As the Sixth Circuit has noted, "[i]n light of the ambiguity of the statute on its face and the lack of congressional guidance, the EEOC's decision to apply the 1991 Act prospectively appears reasonable." *Vogel,* 959 F.2d at 598. Therefore, we will not give retroactive effect to the Act's arguably substantive amendments to Title VII.

## CONCLUSIONS

As we have recently held, the Act's amendments to 42 U.S.C. § 1981 do not apply retroactively. This, however, is our only finding regarding congressional intent. We make no finding as to whether or not Congress intended the Act to apply retroactively regarding Title VII, we find only that the EEOC's determination that Congress did not so intend is reasonable. Therefore, we do not find it necessary to determine whether Congress intended to extend the 30 day time limit to 90 days for requesting administrative reconsideration. Moreover, Appellant's tardiness does not merit equitable tolling. Therefore, the order of the district court is

AFFIRMED.