In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1732

McArthur Ester,/*

Plaintiff-Appellant,

v.

Anthony J. Principi, Secretary of
Veterans Affairs,/**

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 2681--James B. Zagel, Judge.

Argued November 3, 2000--Decided May 8, 2001


   Before Flaum, Chief Judge, Easterbrook and
Williams, Circuit Judges.

   Williams, Circuit Judge.  McArthur Ester
claims that his former employer, the
Department of Veterans Affairs ("the
VA"), denied him a promotion in violation
of Title VII of the Civil Rights Act of
1964. The district court granted the VA
summary judgment on the ground that Ester
had failed to exhaust his administrative
remedies in a timely fashion, rejecting
Ester's claim that the VA had waived any
such requirement by not asserting it in
administrative proceedings. We believe a
finding of waiver is appropriate,
however. Therefore, we reverse and
remand.

I

   In 1993, VA officials at Hines VA
Benefits Division Center posted an
announcement inviting applications for a
vacant Supervisory Computer Operator, GS-
12 position. Ester, who at the time
worked as a Supervisory Computer
Operator, GS-11, submitted an
application. On January 21, 1994, Ester
was notified that a female applicant had
been selected to fill the GS-12 position.

   Ester filed a timely informal complaint
with an EEO counselor at the VA, alleging
that sex discrimination and retaliation

for prior complaints of discrimination were the reasons he did not receive the promotion. Counseling failed to resolve Ester's complaint to his satisfaction, and on March 17, 1994, Ester received a "Notice of Final Interview with EEO Counselor." Among other things, the Notice informed Ester that he had 15 days to file a formal complaint of discrimination. Ester did not file a formal complaint until April 19, 1994--33 days after he received the final interview Notice. Nevertheless, the VA accepted his complaint and initiated an investigation.

The EEO investigator assigned to look into Ester's complaint initially concluded that Ester had been discriminated against and recommended sustaining Ester's complaint. But after the VA requested a supplemental investigation, the investigator reversed himself and recommended rejecting Ester's complaint. In both investigative reports, the investigator specifically concluded that Ester had met all procedural requirements for filing a formal complaint. Moreover, the VA never asserted the untimeliness of Ester's for mal complaint as a reason for rejecting his complaint, not even in its request for a supplemental investigation, which took issue with several aspects of the investigator's first report.

On January 29, 1999, approximately 3 years after the EEO investigator submitted his supplemental report, the VA finally ruled on Ester's formal complaint. The agency rejected his claims and issued Ester a right-to-sue letter. The VA grounded its ruling entirely on the merits of Ester's claim; it made no mention of the untimeliness of Ester's formal complaint.

On April 23, 1999, Ester timely filed suit in federal district court, alleging that the VA had, in violation of Title VII, refused to promote him because of his sex and in retaliation for filing complaints of discrimination regarding previous employment actions. In its answer to Ester's complaint, the VA asserted for the first time that, in administrative proceedings, Ester had not filed his formal complaint of discrimination in a timely manner. The VA then moved for summary judgment, arguing

that because he had not timely filed his formal complaint, Ester had not properly exhausted his administrative remedies. In response, Ester argued, among other things, that the VA had waived the requirement that he timely file a formal complaint by not asserting that requirement as a defense in administrative proceedings. Unpersuaded by Ester's waiver argument, or any of his other arguments, the district court granted the VA's motion for summary judgment. Ester now appeals and argues that the district court erred in rejecting his waiver argument.

II

Federal employees who seek to assert Title VII claims must exhaust the administrative remedies available to them in a timely fashion before they may assert their claims in a lawsuit. 42 U.S.C. sec. 2000e-16(c); Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Rennie v. Garrett, 896 F.2d 1057, 1059 (7th Cir. 1990). One administrative remedy federal employees must pursue is the filing of a formal complaint of discrimination within 15 days of receiving notice of the right to do so. 29 C.F.R. sec. 1614.106. Here, there is no dispute that Ester failed to file his formal complaint of discrimination within 15 days of receiving the required notice. Because Ester thus failed to exhaust his administrative remedies in a timely fashion, a court would ordinarily dismiss his Title VII claims without considering the merits of the claims. See White v. Bentsen, 31 F.3d 474, 474-76 (7th Cir. 1994). However, ordinarily is not always. The requirement that a federal employee exhaust available administrative remedies in a timely fashion is subject to the doctrines of waiver, estoppel and equitable tolling. Gibson v. West, 201 F.3d 990, 993-94 (7th Cir. 2000). Invoking the first of those doctrines, Ester contends that the VA waived the requirement that he timely file a formal complaint by not asserting that requirement as a defense in administrative proceedings.

This court has not yet addressed when an agency's failure to assert an available exhaustion defense in administrative proceedings should constitute waiver of such a defense in a subsequent lawsuit.

And, the courts of appeals that have considered the issue have not produced uniform results. One circuit has adopted a rule that requires an agency to make an explicit finding of timeliness, before accepting that the agency has waived a timeliness defense. See Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992). While another has determined that an agency waives a timeliness defense when it makes a finding of discrimination. See Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985). We decline to follow either circuit. Instead, we conclude that when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit. Accord Bowden v. United States, 106 F.3d 433, 438-39 (D.C. Cir. 1997)./1

We believe this position is more consistent with the Supreme Court's holding in United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952) ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts."). In L. A. Tucker, the Supreme Court affirmed the sound principle that any objections not made before the administrative agency are subsequently waived before the courts. Id. Inasmuch as we understand that rule to parallel the rule that appellate courts will not review arguments that were not raised in the trial courts, see generally Massachusetts, Dep't of Pub. Welfare v. Sec'y of Agric., 984 F.2d 514, 523 (1st Cir. 1993) ("The doctrine of procedural default in the administrative context is analogous to the established rule that appellate courts will not entertain arguments which could have been, but were not, raised in the trial court."), we see no reason to apply the rules differently to plaintiff and agency.

To the contrary, strong policy considerations compel us toward the equal-application conclusion we reach today. First, the values of judicial economy, agency autonomy, accuracy and the need for a well-developed record for review, are all served by requiring objections--even those objections

possessed by the agency itself--to be raised in the agency proceeding. See McKart v. United States, 395 U.S. 185, 193-95 (1969) (discussing policy reasons for application of the doctrine of exhaustion of remedies). We decline to adopt a rule that encourages an agency to overlook and leave completely undeveloped allegations that a particular complaint is untimely. Even more than the difficulty an agency's failure to assert a timeliness defense in its own proceeding causes subsequent courts, it creates a significant prejudice to plaintiffs who suddenly must defend a claim of untimeliness never before raised.

Second, longstanding Supreme Court precedent demands that administrative agencies fully state the reasons for their action. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). If an agency indeed believes that a particular complaint is untimely, then the agency needs to state that reason as the one (or as one of many) for its administrative action. Cf. NLRB v. P*I*E Nationwide, Inc., 923 F.2d 506, 518 n.16 (7th Cir. 1991) ("[T]he deference given to an agency is not granted freely, it is purchased; the agency must exercise its touted expertise and 'explain the rationale and factual basis for its decision.'"). Although this is not theordinary Chenery case, we are not entirely adopting the Chenery rule. We take from Chenery, because it maintains persuasive force, the principle that an agency must stand on the reasons actually stated for its action.

Third, in deciding the question of waiver along federal/agency lines we believe instructive the decisions on waiver along federal/state lines. And, on federal habeas corpus review, the Supreme Court has required the last state court rendering a judgment to make a "plain statement" of any adequate and independent state ground (e.g., procedural default), before federal courts will be precluded from addressing the federal questions presented. Harris v. Reed, 489 U.S. 255, 265 (1989). As the Court stated in Ylst v. Nunnemaker, 501 U.S. 797 (1991), "[s]tate procedural bars are not immortal . . . . [they may expire i]f the last state court to be presented with a particular federal claim reaches

the merits." Id. at 801. We decline to extend to administrative procedural default an immortal status; timely filing of administrative claims of discrimination is not necessary to preserve our jurisdiction, and a plaintiff's failure to do so may be waived if the agency reaches the merits without addressing the procedural default.

In this case, the VA ruled on the merits of Ester's claims without addressing Ester's failure to timely file his formal complaint. We therefore conclude that the VA waived its right to argue that Ester failed to timely exhaust the administrative remedies available to him.

## III

For the foregoing reasons, the judgment of the district court is Reversed and the case is Remanded for further proceedings.

## FOOTNOTES

/* On appeal, both parties have stated the plaintiff's first name as Macarthur, but the district court record reveals that the plaintiff's first name is actually McArthur.

/** Pursuant to Fed. R. App. P. 43(c)(2), we have substituted Anthony J. Principi, the current Secretary of Veterans Affairs, for the original named defendant, Togo D. West, Jr., the former Secretary of Veterans Affairs.

/1 We do not, however, reject the well-settled rule that agencies do not waive a timeliness defense merely by accepting and investigating a discrimination complaint. See Bowden, 106 F.3d at 438; Boyd, 752 F.2d at 414; Oaxaca v. Roscoe, 641 F.2d 386, 390 (5th Cir. 1981). Nor does our rule prevent an agency from deciding the merits of a complaint at the risk of losing a timeliness objection; the agency is free to find the complaint untimely, and nonetheless proceed to address the merits of the case.