**David S. BRUCE, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Federal Bureau of Investigation, Defendant–Appellee.**

**Docket No. 01–6233.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 11, 2002.

Decided: Dec. 26, 2002.

72

James P. Evans, O'Hara & O'Connell, Syracuse, NY, for Plaintiff–Appellant.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York (Joseph A. Pavone, United States Attorney, Paula R. Conan, Assistant United States Attorney, on the brief), Syracuse, NY, for Defendant–Appellee.

Before CABRANES, POOLER, KATZMANN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant David S. Bruce ("Bruce") appeals a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*), dismissing his complaint on the ground that he failed to initiate the administrative process in a timely fashion. We conclude that defendant-appellee United States Department of Justice, Federal Bureau of Investigation, made an express finding of timeliness based on a specific factual reason, and therefore waived a

timeliness objection before the District Court. Accordingly, we reverse the District Court's dismissal and remand for further proceedings.

## BACKGROUND

Because at this stage we accept the allegations in Bruce's complaint as true, the following recital of facts is derived from the complaint and documents incorporated by reference in the complaint. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999).

In April 1997, Bruce, an insulin dependent diabetic, applied for the position of Special Agent with the Federal Bureau of Investigation ("FBI"). After undergoing a series of written examinations and interviews, Bruce received a conditional offer of employment in December 1997. The FBI, however, rescinded that offer in a letter dated May 4, 1998, citing Bruce's diabetic condition and medical history. Noting "certain physical requirements" of the job, the letter explained that Bruce's "medical history, specifically [his] diabetes and the problems associated with it, precludes [him] from further consideration for this position." After reconsidering this decision at Bruce's request, the FBI confirmed that Bruce's offer was rescinded in a letter dated June 23, 1998.

Bruce contacted a counselor in the FBI's Office of Equal Employment Opportunity Affairs ("EEO") in or around November 1998, approximately six months after he was notified that the offer was rescinded. Upon receiving notice of his right to file a discrimination complaint, Bruce filed a complaint with the EEO on December 22, 1998. In a letter dated May 25, 1999, the FBI's EEO officer notified Bruce that:

> While you did not contact an EEO Counselor within 45 days of learning that you had been denied employment, it appears that you became aware that you were being discriminated against sometime in August/September 1998. Therefore, your complaint has been accepted as timely for this reason.

On March 25, 2000, after receiving the EEO's completed investigative report, Bruce requested a hearing before an Equal Employment Opportunity Commission Administrative Judge.

On February 1, 2001, after passage of 180 days plus a stipulated 90 day extension from the date Bruce filed his EEO complaint without any final action taken, Bruce filed suit in the Northern District of New York, thus withdrawing from the administrative process. *See* 29 C.F.R. 1614.407 ("A complainant who has filed an individual complaint ... is authorized under ... the Rehabilitation Act to file a civil action in an appropriate United States District Court ... [a]fter 180 days from the date of filing an individual ... complaint ·if an appeal has not been filed and final action has not been taken."). Bruce's complaint named as defendant the United States Department of Justice, Federal Bureau of Investigation, and alleged disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*

The defendant moved on April 2, 2001 to dismiss on the grounds of improper venue and failure to state a claim because Bruce did not commence the administrative process in a timely fashion. On August 22, 2001, the District Court granted the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because Bruce's administrative action was not timely.

## DISCUSSION

■ We review a Rule 12(b)(6) dismissal *de novo*, accepting all factual allegations in the complaint as true and drawing all in-

ferences in the plaintiff's favor. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 685 (2d Cir.2001). We affirm the District Court's dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Caiola v. Citibank, N.A., New York,* 295 F.3d 312, 321 (2d Cir.2002) (internal quotation marks omitted); *see* Fed.R.Civ.P. 12(b)(6).

An employee suing the federal government under the Rehabilitation Act must exhaust certain administrative remedies before initiating a lawsuit in federal court. *Boos v. Runyon,* 201 F.3d 178, 181 (2d Cir.2000). The first step is to "initiate contact with a[n][EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see Boos,* 201 F.3d at 181. Bruce does not dispute that he failed to contact an EEO counselor within the 45–day window set forth in 29 C.F.R. § 1614.105(a)(1). Bruce argues, however, that the FBI waived its timeliness defense because its EEO officer stated in the May 25, 1999 letter that his complaint had been accepted as timely and the FBI failed to assert a timeliness defense until after Bruce had initiated the instant action in federal court.

■■■ This timeliness requirement is not jurisdictional, and the filing deadline is subject to waiver, estoppel, and equitable tolling. *See Briones v. Runyon,* 101 F.3d 287, 290 (2d Cir.1996); *Henderson v. United States Veterans Admin.,* 790 F.2d 436, 440 (5th Cir.1986). An agency waives a timeliness objection by making an express finding that the complaint was timely or failing to appeal an EEOC determination of timeliness. *Rowe v. Sullivan,* 967 F.2d 186, 191 (5th Cir.1992); *cf. Briones,* 101 F.3d at 291 (holding that "a governmental agency defendant may not have a 'second bite at the apple' by arguing lack of timely

filing in federal court after failing to challenge an EEOC determination that the complaint was timely filed"). The EEO officer's letter conveyed such an express finding. The letter stated that it would be treating Bruce's complaint as timely and provided a specific reason for reaching this determination, namely its factual finding that Bruce did not become aware of the discrimination "until sometime in August/September 1998." Although we are somewhat perplexed as to how the FBI's EEO officer could have reached this conclusion in light the FBI's May 4, 1998 letter informing Bruce that his offer had been rescinded because of his medical condition, the fact remains that the FBI's EEO officer made a finding of timeliness based on a specific factual determination and communicated this finding to Bruce.

The FBI's express factual finding of timeliness distinguishes the instant case from *Belgrave v. Pena,* 254 F.3d 384 (2d Cir.2001). In *Belgrave,* we held that government agencies do not waive a timeliness defense by merely accepting and investigating a complaint. *Id.* at 387. Here, the FBI not only accepted and investigated Bruce's complaint, but also made an express determination that it was timely based on a specific factual finding.

Our holding in *Belgrave* was grounded in the policy that we should not discourage government agencies from investigating and voluntarily remedying discrimination out of trepidation that doing so would forfeit a potential defense in a future lawsuit. *Id.* In reaching today's result, we offer this caution: an agency that takes the next step of explicitly finding a complaint timely and communicating that unqualified finding to the complainant cannot retreat from that finding. In no way does our ruling alter *Belgrave* and the solid policy concerns underlying it.

We further note that this case is distinguishable from the Seventh's Circuit hold-

ing in *Ester v. Principi*, 250 F.3d 1068 (7th Cir.2001), where the agency had issued a final decision on the merits of a discrimination complaint and did not raise a timeliness defense until the complainant filed suit in federal court. The Seventh Circuit "conclude[d] that when an agency decides the merit of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit." *Id.* at 1071–72. Our holding does not suggest any disagreement with the rule established in *Ester*, which we regard as sound. Although the FBI did not determine the merits of Bruce's complaint and merely issued a summary of its findings in an investigative report, the lessons of *Ester* do not address a situation where a government agency makes a specific finding of timeliness and communicates that to a complainant. Therefore, while we consider *Ester* to be good law, it does not apply in this case.

We have considered all remaining arguments. We reverse the judgment of the District Court and remand for proceedings consistent with this opinion.