**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1391**

———————

VENANTIUS O. ENEJE,

Plaintiff - Appellant,

versus

PETER D. KEISLER, Acting Attorney General,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Sol Blatt, Jr., Senior District
Judge. (9:04-cv-1695-SB)

———————

Submitted: September 21, 2007          Decided: October 16, 2007

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Venantius O. Eneje, Appellant Pro Se. John Harris Douglas,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Venantius O. Eneje appeals the district court's order granting Defendant's summary judgment motion on his race and national origin discrimination and retaliatory discharge claims in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000), and the Whistleblower Protection Act, 5 U.S.C. §§ 1214, 1221 and 2302 (2000). We have reviewed the record and find no reversible error.[*] Accordingly, we affirm for the reasons stated by the district court. See Eneje v. Gonzales, No. 9:04-cv-1695-SB (D.S.C. Mar. 30, 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Because we find that Eneje's claims lack merit, we do not address whether a defendant waives a timeliness defense if it decides the merits of an equal employment opportunity complaint without raising the defense at the administrative level. Compare Ester v. Principi, 250 F.3d 1068, 1071-72 (7th Cir. 2001) (holding that when an agency decides the merits of a complaint without raising the issue of timeliness, the timeliness defense is waived in a subsequent lawsuit) with Boyd v. U. S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985) (holding that an agency waives a timeliness defense only when it makes a finding of *discrimination* at the agency level) and Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992) (holding that an agency waives a timeliness defense only if it made an explicit finding of *timeliness* at the administrative level).