NONPRECEDENTIAL DISPOSITION

To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 29, 2008
Decided March 4, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1666

| | |
|---|---|
| SHARON DOUGLAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Illinois. |
| *v.* | |
| | No. 05 C 578 |
| JOHN E. POTTER, | |
| Postmaster General, United States Postal | Michael J. Reagan, |
| Service | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

Sharon Douglas, who apparently still works for the United States Postal Service as a letter carrier, claims in this lawsuit that she suffered workplace discrimination in 2005 on the basis of her age, gender, and alleged disabilities.  The district court dismissed her complaint after Douglas conceded that she had not filed a formal administrative charge of discrimination with the Postal Service before bringing her lawsuit.  The only issue here is whether the district court was required to conduct an evidentiary hearing before concluding that the doctrine of "equitable tolling" did not excuse Douglas's failure to exhaust her

administrative remedies.  Because the court was not required to conduct such a hearing, we affirm the judgment.

A postal employee who believes that she suffered discrimination must give the Postal Service an opportunity to investigate and resolve the matter before filing a lawsuit. The administrative process has two steps.  First, the employee must submit an informal "Information for Pre-Complaint Counseling" to the agency's Equal Employment Opportunity office.  29 C.F.R. §§ 1614.103(b)(3), 1614.105(a).  If the EEO office cannot resolve the matter to the employee's satisfaction at this first "counseling" stage, it will send a "Notice of Right to File Individual Complaint" informing the employee that, if she wants to pursue the matter further, she has 15 days to tender to the EEO office a formal "EEO Complaint of Discrimination in the Postal Service."  29 C.F.R. §§ 1614.105(d), 1614.106(a), (b).  If the EEO office cannot resolve the matter to the employee's satisfaction at the second step, it will issue her a right-to-sue letter.  29 C.F.R. § 1614.110(b).  Both administrative steps must be taken before the employee may sue in court.  29 C.F.R. § 1614.105(a), (d); *Hill v. Potter*, 353 F.3d 1142, 1145 (7th Cir. 2003).

Douglas was *pro se* when she filed her federal lawsuit in August 2005.  She claimed that the alleged discrimination dated back to September 2000.  In her complaint Douglas specifically alleged that she had filed "charges of Employment Discrimination before the EEO in Cause No. 4J-630-0065-05," and that on May 12, 2005, the EEO office had "issued a 'Notice to File Individual Complaint.'"  At the same time, however, she acknowledged that the EEO office had not issued a right-to-sue letter.

In January 2006 the Postal Service moved to dismiss for failure to serve process. Douglas did not respond.  Then in March 2006 a magistrate judge granted the Postal Service's motion to stay discovery until the district court had ruled on the motion to dismiss.  The following month attorney David Swimmer entered his appearance for Douglas.  Swimmer proceeded to serve the Postal Service with Douglas's *pro se* complaint, but as far as the record shows, he took no further action in the district court.

In September 2006 the Postal Service filed a second motion to dismiss or, alternatively, for summary judgment.  Attachments to that motion indicate that Douglas, represented by attorney Swimmer, had tendered to the EEO office an Information for Pre-Complaint Counseling, which Douglas and Swimmer signed on April 15, 2005.  In that document Douglas alleged that management had briefly taken away her delivery route at the end of January 2005, an action Douglas attributed to racial discrimination.  The EEO office opened the matter as Case No. 4J-630-0065-05.  The attachments to the Postal Service's motion further indicate that on May 12, 2005, the EEO office notified both Swimmer and Douglas that it was closing the counseling stage, and that Douglas had 15 days to file her

EEO Complaint of Discrimination in the Postal Service if she wished to pursue the matter. Swimmer and Douglas each received this notice by mail, but the EEO office heard nothing further from either. Accordingly, the Postal Service argued that Douglas's lawsuit should be dismissed because she had not exhausted her administrative remedies. Attorney Swimmer did not respond at all to the Postal Service's motion, though Douglas wrote the court conceding that she "regrettably missed to file EEO." Douglas explained that her "failure to file was due to the injuries that I suffered from my feet, wrist, and hand" along with "the resulting traumatic pain, systemic illnesses, subsequent surgeries, treatment for depression, [and] medicinal therapies."

The district court granted the Postal Service's motion. The court reasoned that Douglas had pleaded herself out of court by conceding in her complaint that she did not receive a right-to-sue letter, and by further conceding, in her *pro se* response to the motion to dismiss, that she had not filed the required, second-stage administrative complaint. And though Douglas had not specifically raised equitable tolling as an explanation for her failure to exhaust, the district court considered that question *sua sponte*. The court observed that, although Douglas offered a litany of medical reasons for not fully exhausting, the only ones relevant to the 15-day filing period during May 2005 were "migraine headaches and perhaps some residual discomfort from foot surgery occurring approximately two years prior to that time." Douglas retained new counsel (who continues to represent her) and filed a notice of appeal.

On appeal Douglas contends that her complaint is sufficient "to defeat a Motion to Dismiss based on equitable tolling," and that the district court at least should have conducted "a hearing on the extent of Plaintiff's incapacitation."

Douglas contends in her reply brief that this case "was decided in the context of a summary judgment." She then represents that she "filed an affidavit that stated she was unable to make rational decisions." In fact, however, Douglas did not file an affidavit in response to the Postal Service's motion. Her letter to the district court is unsworn; consequently, there is no admissible evidence to support her assertion of incapacity. That lack of evidence dooms her appeal. *See Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir. 1990) ("On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, would justify equitable tolling of the statute of limitations."); *see also Casteel v. Local 73 of Int'l Bhd. of Teamsters*, 272 F.3d 463, 467 (7th Cir. 2001) ("To invoke equitable tolling, a plaintiff must show that he could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." (internal quotation marks and citation omitted)); *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003) ("[I]t is clear that conclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for

summary judgment.").  It does not matter that the district court apparently analyzed the exhaustion and equitable-tolling questions under Rule 12 instead of Rule 56 of the Federal Rules of Civil Procedure; the Postal Service asked for summary judgment and since this review is de novo we are free to apply Rule 56 in reviewing the order dismissing Douglas's lawsuit.  *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479-80 (7th Cir. 2001) (applying Rule 56 on appeal in analyzing motion that district court treated as falling within Rule 12); *Massey v. Helman*, 259 F.3d 641, 646 n.8 (7th Cir. 2001) (same).

In any event, there was no need for an evidentiary hearing to reject Douglas's argument for equitable tolling.  Douglas seems to misunderstand the doctrine of equitable tolling.  That doctrine allows a court to hear a case on the merits when administrative remedies were not exhausted *in a timely fashion*.  *See Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001) ("The requirement that a federal employee exhaust available administrative remedies in a timely fashion is subject to the doctrine[] . . . of equitable tolling."); *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1175 (7th Cir. 1999) ("[T]olling does not provide a plaintiff with an automatic extension of indefinite duration; the plaintiff must file his charge with the EEOC within a reasonable period of time.").  But equitable tolling is not a basis for excusing a failure to exhaust administrative remedies altogether.  *See O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97 (7th Cir. 1993) ("Equitable tolling enlarges the time within which to proceed but does not justify omitting steps such as the administrative charge that Congress has made essential."); *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001) ("[E]quitable tolling can extend the deadline for filing when equity so requires. . . . However, equitable remedies are unavailable when the record shows that no administrative filing was ever made."); *Hines v. Widnall*, 334 F.3d 1253, 1257 (11th Cir. 2003) ("[Plaintiff] does not qualify for an exception to the exhaustion requirement . . . because filing a complaint with the EEOC is a prerequisite to the equitable exceptions to administrative exhaustion.").  Since, as Douglas concedes, she never filed a formal administrative complaint, she failed to exhaust her administrative remedies, and the doctrine of equitable tolling is inapplicable to her case.

Moreover, an evidentiary hearing would accomplish nothing because the evidence Douglas wants to present would not establish a basis for equitable tolling even if she had exhausted her administrative remedies.  Equitable tolling applies when the plaintiff "has made a good faith error . . . or has been prevented from filing his complaint in time," *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (quotation marks and citation omitted), or when the claimant "'could not by the exercise of reasonable diligence have discovered essential information bearing on his claim,'" *Casteel*, 272 F.3d at 467 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990)).  As the district court pointed out, the only physical ailments that Douglas asserts during the filing period are headaches; all of her other medical issues were either from several years before the 15-

day filing period or after it had passed.  These ailments fall well below the threshold for equitable tolling since they could not have prevented Douglas from filing her formal complaint on time, especially since she was represented by counsel during the administrative proceedings and nothing stopped him from filing a complaint on her behalf.

AFFIRMED.