NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 13, 2012
Decided January 31, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1702

| | |
|---|---|
| JOYCE R. EDWARDS, <br>     *Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 C 6648 |
| PATRICK R. DONAHOE, Postmaster General, <br>     *Defendant–Appellee*. | Blanche M. Manning, <br> *Judge*. |

**O R D E R**

Joyce Edwards sued her former employer, the United States Postal Service, claiming disability discrimination. *See* 29 U.S.C. § 794a. The Postal Service asserted that she had failed to exhaust her administrative remedies, and after limiting discovery to that issue, the district court granted summary judgment for the defendant. The court reasoned that the undisputed evidence establishes that Edwards had failed to timely file an administrative

charge of discrimination. Edwards disagrees with this conclusion and argues that a factual dispute exists concerning the timing of her discovery of the alleged discrimination. It follows, says Edwards, that the court erred in granting summary judgment. But this "dispute" Edwards identifies is not *reasonable*, and thus her claim of error is without merit.

Except as noted, the following facts are undisputed. Edwards began working for the Postal Service in 1996. She was promoted to a supervisor position, which involved long periods of walking and standing. As a Postal Service employee, Edwards participated in one or more Equal Employment Opportunity training courses. Twice in 2006, according to the defendant, Edwards participated in training that covered a disabled employee's right to reasonable accommodation. These courses also covered the EEO complaint process, including the requirement that an aggrieved employee initiate EEO counseling within 45 days after perceived discriminatory conduct. Edwards denies that she participated in these particular courses; she does not dispute that the 45-day deadline was discussed at the training session (or sessions) that she did attend, but Edwards insists that she "was not informed during her EEO classroom training . . . that she had any type of right to a reasonable accommodation." The facility where Edwards was employed also displayed EEO posters throughout the building, including in areas where she worked, informing employees of the 45-day limit to initiate EEO counseling if they felt they had faced discriminated based on, among other characteristics, a physical disability.

Edwards was diagnosed in 2002 with peripheral neuropathy, a nerve condition characterized by tingling, burning, swelling, and stiffness in the extremities, especially the hands and feet. This condition grew progressively worse and eventually made working very painful for Edwards. Because she knew that coworkers who became physically disabled had requested and received light-duty assignments, Edwards repeatedly asked her supervisor for a job requiring less standing and walking but was told that "nothing else" was available. In her opposition to summary judgment, Edwards does not say when she made these requests to her supervisor, but her complaint gives a time frame of "on or around" July 7, 2007. Edwards also sent letters to her plant manager and operations manager (again, she does not say when) requesting a work transfer but received no response. Edwards asserts in her complaint that when "all of this was happening to me I didn't realize that I was being discriminated against," yet she also admits that she "knew and felt it was wrong what these manager[s] were doing to me, but I just didn't know it was against the law." After that, Edwards worked only sporadically, and in November 2007 she applied for disability retirement. Her application was granted, effective in February 2008. While that application was under consideration, Edwards's supervisor noted on a questionnaire from the Office of Personnel Management that no effort had been made to accommodate Edwards in her job because the documentation she had tendered in support of her request for "light duty" did not indicate that any work restriction was required.

In early 2009, about a year after her disability retirement became effective, Edwards began reading about reasonable accommodation on the OPM website, which, she acknowledges in her complaint, includes "so much info on this subject." "It was only then," Edwards insists, that she "learned" that she "had a right to reasonable accommodation." On February 6, 2009, she contacted an EEO counselor for the first time. Edwards contended that she had suffered disability discrimination from July 2007 until her retirement in February 2008 because the Postal Service had not accommodated her neuropathy. She was interviewed by the counselor on February 23 and lodged a formal charge of discrimination on March 21.

The Postal Service dismissed the charge on the ground that Edwards had waited too long before initiating contact with the EEO counselor. The defendant relied on 29 C.F.R. § 1614.105(a), which provides that "[a]ggrieved persons who believe they have been discriminated against on the basis of . . . disability . . . must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory" unless the person "did not know and reasonably should not have been known that the discriminatory matter . . . occurred." The Postal Service concluded that not only had information about the 45-day limit been made available to Edwards, but also that it was "hard to believe that a person who had worked for the agency for approximately 12 years and who had been promoted to a management level position did not know there was a time limitation for filing an EEO complaint . . . or that denial of reasonable accommodations was illegal." Edwards filed an administrative appeal with the EEOC, which upheld the decision.

Edwards then sued in the district court claiming discrimination in violation of the Rehabilitation Act, 29 U.S.C. §§ 791–794f. In her complaint she alleges that her only option after being refused an accommodation was to take leave without pay and, when that ran out, disability retirement. After the district court had allowed discovery concerning the timeliness of Edwards's initial contact with an EEO counselor, the Postal Service moved for summary judgment. The defendant did not address the merits of the underlying claim of discrimination (a question beyond the scope of the limited discovery) but instead argued that Edwards had failed to exhaust her administrative remedies by not complying with the 45-day deadline of § 1614.105(a). That regulation, the defendant explained, requires that an aggrieved party "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter" and establishes, with limited exceptions, the 45-day time limit. One exception, as the Postal Service had noted in rejecting Edwards's charge of discrimination as untimely, applies when the employee "did not know and reasonably should not have been known that the discriminatory matter . . . occurred." 29 C.F.R. § 1614.105(a)(2). After Edwards had relied on this exception and asserted that she "did not know that she had any right to a reasonable accommodation until she discovered this information on the internet in early 2009," the Postal Service argued that the standard is whether a reasonable person

would have or should have been aware of her rights, that Edwards's assertion of ignorance about the right of accommodation was not reasonable, and that her "subjective ignorance," whether true or not, is irrelevant. The district court agreed. The court reasoned that, even if Edwards did not participate in the June or September 2006 training courses identified by the defendant, she nonetheless admitted receiving some EEO training during her lengthy employment at the Postal Service. And in view of the record as a whole, the court continued, it would be impossible to "find that a reasonable person in Ms. Edwards' shoes would not have known that she could pursue a complaint of discrimination."

On appeal Edwards challenges the district court's conclusion that she knew or should have known that she had a right to a reasonable accommodation. Although she says the 45-day deadline should be "equitably tolled" under 29 C.F.R. § 1614.105(a)(2) on the ground that she did not know and reasonably should not have known that the Postal Service had acted illegally, what she really argues is that the 45-day clock did not *begin running* until February 2009, when she "first learned" that the Postal Service's actions were (allegedly) discriminatory, and thus she had timely initiated EEO counseling.

Claims of disability discrimination brought under the Rehabilitation Act follow the same procedures and provide the same remedies as claims of discrimination based on the characteristics protected under Title VII, *see Tyler v. Runyon*, 70 F.3d 458, 467 (7th Cir. 1995); 29 C.F.R. § 1614.103(a), and claims of disability discrimination brought under Title I and sections 501 through 504 and 510 of the Americans with Disabilities Act, *see* 29 U.S.C. § 794(d). Thus, as with Title VII, an aggrieved employee seeking relief under the Rehabilitation Act must exhaust her administrative remedies by consulting an EEO counselor and attempting to resolve the matter informally before she may file her claim in the district court. *See* 29 C.F.R. § 1614.105(a)(1); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). If an informal complaint is not filed with the EEO counselor within the applicable time period (45 days from the date of the allegedly discriminatory matter for Rehabilitation Act claims), then the agency "shall dismiss [the] entire complaint." 29 C.F.R. § 1614.107(a)(2). The EEOC "shall extend" this time period, however, if (among other things) the complainant "did not know and *reasonably* should not have . . . known that the discriminatory matter" occurred. *Id.* § 1614.105(a)(2) (emphasis added). To satisfy this test of reasonableness, the complainant need only know (or reasonably should have known) that the act in question was *possibly* discriminatory. *See Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 861 (7th Cir. 2005) (discussing similar provision in Title VII context); *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 397 (7th Cir. 2000) (same); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). It is not necessary that the complainant know for certain that the action was discriminatory. *Beamon*, 411 F.3d at 861; *Cada*, 920 F.2d at 451. We review the district court's grant of summary judgment de novo, construing the facts in Edwards's favor. *Steffen v. Donahoe*, 680 F.3d 738, 742 (7th Cir. 2012). Likewise, we review the EEOC's

decision de novo. *See Smith v. Potter*, 445 F.3d 1000, 1011 (7th Cir. 2006) (analyzing Title VII claim).

The evidence presented at summary judgment shows that a reasonable person would or should have known in July 2007 that she had been discriminated against. Edwards admits that she saw in her workplace the EEO posters, which list physical disability among the protected characteristics and state that all employees must request counseling within 45 days "of the date of the alleged discriminatory act" or "of the date you knew or reasonably should have known about the discrimination." She also participated in at least some training that included discussion of EEO procedures and rights; she knew that other employees with physical disabilities had requested and received light-duty work (which is why she requested her reassignment); and she "knew and felt it was wrong" when she was denied light-duty work. So what her contention comes down to is that she did not know for sure that what had happened to her violated the law. But that Edwards was not *certain* she had a legal claim to file on the basis of the Postal Service's denial of her request is not relevant. *See Beamon*, 411 F.3d at 861; *Cada*, 920 F.2d at 451. What is relevant is her past knowledge and training, which makes *unreasonable* her alleged ignorance of the Postal Service's possible discrimination and her concession that she knew that what happened was wrong in some way. There is no merit to Edwards's claim that, despite her years of experience and training, familiarity with EEO procedures, knowledge that coworkers had been accommodated, and negative feelings when she was denied an accommodation, she reasonably was ignorant that her employer's actions may have been discriminatory. Thus, the 45-day deadline for her to initiate EEO counseling started to run "on or around" July 7, 2007, when the Postal Service denied her request for a light-duty assignment. Because Edwards did not timely initiate EEO counseling, she failed to exhaust her administrative remedies, the Postal Service properly dismissed her administrative complaint, and summary judgment was appropriate.

**AFFIRMED.**