Norma **CHERRY**, Plaintiff,

v.

John E. **POTTER**, Postmaster General, United States Postal Service, Defendant.

No. 08 Civ. 4482.

United States District Court, S.D. New York.

April 14, 2010.

**214**

Norma Cherry, New York, NY, pro se.

James Nicholas Boeving, U.S. Attorney Office, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Norma Cherry ("Cherry") brought this action against defendant John E. Potter, Post Master General of the United States Postal Service (the "Postal Service"), alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, et seq. On January 27, 2010 the Postal Service filed the instant motion for summary judgment. By Scheduling Order dated December 30, 2009 issued by Magistrate Judge Henry B. Pitman, the Court set April 1, 2010 as the deadline for Cherry's response to the motion. To date Cherry has not responded or sought an extension to do so. Thus, the Court deems the Postal Service's motion as unopposed. *See Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). Accordingly, for the reasons stated below the Postal Service's motion is GRANTED.

### I. FACTS

Cherry has worked as a clerk for the Postal Service since 1984, at all relevant times assigned to the Morgan Processing and Distribution Center ("Morgan"). Since 1986 she has been a Type II diabetic. The claims at issue arise from a letter of warning issued to Cherry in December 1999 (the "1999 Warning Letter") and a notice of suspension issued in April 2000 (the "2000 Suspension Notice") that relate to Cherry's leaving the work floor without permission to eat allegedly as part of her diabetes treatment plan. Cherry alleges that these actions represent a failure by the Postal Service to provide a reasonable accommodation of her diabetes. According to the Postal Service, Cherry had not informed her supervisors of her need to take breaks on account of her alleged disability, and had not presented any medical documentation of her condition or the rela-

tion of her eating schedule to a treatment plan.

In connection with unrelated events, in December 1998 Cherry had instituted unsuccessful equal employment opportunity administrative and court proceedings (the "1998 EEO Proceedings") against the Postal Service alleging discrimination on account of race and sex by means of denial of overtime and reassignment to a different work unit. Cherry claims that the 1999 Warning Letter and the 2000 Suspension Notice now in question constituted retaliation for her instituting the 1998 EEO Proceedings. She also asserts that her reassignment in 2001 to a unit within Morgan known as "Gracie flats" also constituted racial discrimination and retaliation for her pursuing the 1998 EEO Proceedings.

## II. *STANDARD OF REVIEW*

Under applicable standards, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[1] In response to a properly supported motion, an opposing party may not rely merely on the pleadings or denials, but must submit evidence of "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## III. *DISCUSSION*

Upon review and consideration of the materials on record submitted in support of the motion at hand, the Court is persuaded that the Postal Service has sufficiently demonstrated that no genuine issues of material fact exist in this action, and that the Postal Service is thus entitled to judgment as a matter of law.

■ The Court finds that Cherry failed to timely exhaust required administrative remedies by not initiating a contact with an equal employment opportunity counselor within the period of 45 days prescribed under the applicable Postal Service regulations. *See* 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.103; *see also Bruce v. U.S. Dep't of Justice,* 314 F.3d 71, 74 (2d Cir. 2002); *Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996). The record indicates that Cherry did not initiate the requisite counselor contact until May 10, 2000, or 159 days after receiving, on December 3, 1999, the 1999 Warning Letter about which she complains. (*See* Deposition of Norma Cherry, dated July 1, 2009 ("Cherry Dep.") (attached as Ex. B to the Boeving Dec.) at 177–78; Ahmed Dec. ¶ 2 and Ex. L.) Accordingly, Cherry's claims based on the 1999 Warning Letter are time-barred. *See Gentile v. Potter,* 509 F.Supp.2d 221, 233–34 (E.D.N.Y.2007).

■ Cherry's claims that she was denied a reasonable accommodation and retaliated against by reason of the 2000 Suspension Notice similarly fail because she cannot establish that she is disabled within the meaning of the Rehabilitation Act.

---

**1.** In support of its motion the Postal Service submitted and the Court reviewed and considered the following documents and accompanying exhibits: Memorandum of Law in Support of Defendant's Motion for Summary Judgment, dated January 27, 2010; Defendant's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, dated

January 27, 2010; Declaration of James Nicholas Boeving ("Boeving Dec."), dated January 25, 2010; Declaration of Darrel K. Ahmed, dated January 25, 2010 ("Ahmed Dec."); Declaration of Vanesa Charlton ("Charlton Dec."), dated January 25, 2010; and Declaration of John J. Giacona ("Giacona Dec."), dated January 25, 2010.

Cherry has presented no evidence and the Court finds nothing else on the record to warrant a presumption that suffering from Type II diabetes by itself satisfies the definition of a person with disability for the purposes of establishing liability and recovering damages under the Rehabilitation Act. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Rather, to meet the statutory standard in effect at the times relevant to this action requires a showing that the plaintiff has or is perceived to have a claimed disability that substantially limits one or more of the plaintiff's major life activities. *See* 29 U.S.C. § 705(20)(B); *Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Cherry has failed to satisfy her burden in this regard. Cherry admitted on the record that while adhering to a medical treatment plan for her diabetes she was able to perform the requirements of her job. *See* Cherry Dep. at 164–66; *see also Krikelis v. Vassar Coll.,* 581 F.Supp.2d 476, 485 (S.D.N.Y. 2008). Moreover, the record also indicates that Cherry had not sufficiently informed the appropriate Postal Service supervisors about her diabetic condition. (*See* Cherry Dep. at 75–76; 167–69; Charlton Dec. ¶ 8.)

The Court finds that Cherry's retaliation claims must also be dismissed. A prerequisite to establish a claim of retaliation under Title VII and the Rehabilitation Act is a demonstration that a causal connection existed between the protected activity the plaintiff alleges having engaged in and a materially adverse employment action taken by the defendant. *See Cifra v. General Elec. Co.,* 252 F.3d 205, 216 (2d Cir.2001). Here, the record does not support a determination that there was a causal connection between Cherry's 1998 EEO Proceedings and the 2000 Suspension Notice. Cherry admitted that she had no

evidence that the Postal Service supervisors involved in issuing the suspension had any knowledge of her prior employment discrimination complaints. (*See* Cherry Dep. at 160–63; Charlton Dec. ¶ 8.)

Finally, the Court finds that on the record before it Cherry can not establish that the circumstances give rise to a reasonable inference of racial discrimination or retaliation in Cherry's 2001 reassignment to the Gracie flats unit. She admitted that she never heard the Postal Service official responsible for the decision make any reference to her race in connection with the reassignment. (*See* Cherry Dep. at 240.) The record also establishes that the Postal Service proffered a legitimate non-discriminatory reason for issuing the 2000 Suspension Notice and for Cherry's reassignment in 2001 to the Gracie flats unit, and that Cherry has failed to refute the grounds asserted for the Postal Service's actions. Cherry took a break from her work station without permission and failed to follow her supervisor's instructions. (*See* Charlton Dec. ¶¶ 4–5.) With regard to the reassignment, the Postal Service points to a settlement agreement that Cherry entered into with the Postal Service, and separately a similar agreement signed by another employee with whom Cherry had engaged in a physical altercation in December 2001, that granted the Postal Service discretion to reassign both employees. (*See* Giacona Dec. ¶ 3, 5, 8; Cherry Dep. at 209–10, 223–24.)

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 17) of defendant John E. Potter, Postmaster General, United States Postal Service, for summary judgment dismissing the complaint of plaintiff Norma Cherry herein is GRANTED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**