NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012[*]
Decided November 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1903

| | |
|---|---|
| LAURA A. JENNINGS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11-cv-1457-SEB-DML |
| LEON E. PANETTA, *Defendant-Appellee.* | Sarah Evans Barker, *Judge.* |

**O R D E R**

Laura Jennings, a former employee of the U.S. Department of Defense, appeals the grant of summary judgment against her in this Title VII suit on grounds that she failed to exhaust administrative remedies. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Jennings was a contract representative with DOD's Defense Finance and Accounting Service in Indianapolis until being fired during her probationary period in late 2010. She brought an Equal Employment Opportunity administrative claim, alleging retaliation in connection with her discharge. The Office of Equal Opportunity Programs issued a final agency decision, finding that her claim was untimely because she hadn't contacted the EEO counselor within 45 days of her discharge, 29 C.F.R. § 1614.107(a)(2), and that she failed to state a claim regarding her unemployment benefits, *id.* § 1614.107(a)(1). Four days later, on July 19, 2011, she appealed the decision to the EEOC's Office of Federal Operations.

Although 180 days had not yet passed from the date of that appeal, as is required to be permitted to initiate a civil action, *see* 29 C.F.R. § 1614,407(d), Jennings filed this federal lawsuit on November 1, 2011. The defendant moved for summary judgment, asserting failure to exhaust administrative remedies. Jennings did not respond, and the district court granted summary judgment for DOD, dismissing her suit without prejudice.

On appeal Jennings asserts that the grant of summary judgment violated her Seventh Amendment right to a jury trial. This argument is mertitless. *Hanners v. Trent*, 674 F.3d 683, 691 n.12 (7th Cir. 2012); *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006).

Nor do we see any indication that the district court erred by granting summary judgment. Under Title VII a plaintiff must exhaust her administrative remedies before filing suit. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Once Jennings appealed to the EEOC, she was barred from filing a civil suit in federal court until either the EEOC issued a final decision or 180 days had passed. 29 C.F.R. § 1614.407(d); *see also Mays v. Principi*, 301 F.3d 866, 868–69 (7th Cir. 2002) (*abrogated on other grounds by EEOC v. United Airlines, Inc.*, 693 F.3d 760 (7th Cir. 2012)); *Bruce v. U.S. Dep't of Justice*, 314 F.3d 71, 73 (2d Cir. 2002). The EEOC did not issue a final decision, and she waited only 105 days.

AFFIRMED.