United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 1997

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 96-60719
(Summary Calendar)
_____

MARY CAROL SMITH,

Plaintiff-Appellant,

versus

JACKSON PUBLIC SCHOOL DISTRICT; CANTON
CITY SCHOOLS; HOLMES COUNTY SCHOOLS,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(3:93-CV-554)

_____

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pro se Petitioner-Appellant Mary Carol Smith appeals the district court's dismissal of her former employers, Defendants-Appellees Jackson Public School District (Jackson), Canton City Schools (Canton), and Holmes County Schools (Holmes), for Smith's failure to comply with the ninety-day filing requirements of Title VII[1] and the Age Discrimination in Employment Act (ADEA).[2] Finding

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]42 U.S.C. §2000e et seq. (1994).

[2]29 U.S.C. §621 et seq. (1994).

no error, we affirm.

## I.

### FACTS AND PROCEEDINGS

Smith, an over-forty black female, was formerly employed as a school teacher successively by Canton, Holmes, and Jackson. Following her termination from Canton in January 1990, Smith filed a written charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on sex, race, and age. The EEOC granted her the right to sue in October 1990, but she pursued no action against Canton for years.

After her job with Canton, Smith was employed by Holmes. In May 1992, she resigned from Holmes but did not file an EEOC charge against Holmes.

Smith next worked for Jackson, but in December 1992 Jackson terminated Smith. Shortly thereafter, Smith filed another charge with the EEOC, again alleging sex, race, and age discrimination, this time against Jackson. The EEOC determined that her claims were without merit and sent her a right-to-sue letter by certified mail on May 27, 1993. The certified mail receipt indicates that Smith signed for and received the letter on May 29, 1993.[3] Ninety-two days later, on August 30, 1993, Smith filed the instant action against Canton, Holmes, and Jackson.

---

[3]Smith does not recall receiving the letter until June 1, 1993.

Jackson and Holmes filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for Smith's failure to comply with the ninety-day filing requirements of Title VII and the ADEA. The district court held an evidentiary hearing to determine when in 1993 Smith received the right-to-sue letter for purposes of establishing the ninety-day filing window. That court found as a matter of fact that Smith had received the letter on May 29, 1993. Concluding that Smith's complaint was untimely and that the circumstances did not warrant application of the doctrine of equitable tolling, the district court dismissed Jackson, Holmes, and Canton.[4] Smith timely appealed.

## II.

### ANALYSIS

To assert a Title VII or ADEA violation successfully, a claimant must file his complaint within ninety days following the receipt of a right-to-sue letter from the EEOC.[5] Applying a de

---

[4]Following Jackson's dismissal, but before the district court had dismissed Holmes or Canton, Smith filed a notice of appeal which we dismissed as untimely for lack of a certification of judgment as required by Federal Rule of Civil Procedure 54(b). Holmes then filed a second motion to dismiss and, in the alternative, for summary judgment. The district court dismissed Holmes in November 1995. Canton filed a motion to dismiss for the first time in March 1996, and the district court dismissed Canton that September.

[5]See Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992)(citing 42 U.S.C. §2000e-5(f)) and 29 U.S.C. §626(e)(Supp. 1997).

novo review,[6] we conclude that Smith failed to comply with the ninety-day filing requirement and that her claims against Jackson are time barred.[7]

Following a series of plaintiff-friendly rulings, the district court generously granted Smith an evidentiary hearing — at which she was represented by counsel — to determine when she actually received the 1993 right-to-sue letter from the EEOC. That court found as a matter of fact that Smith had received the letter on May 29, 1993 and had filed suit in the district court ninety-two days later. Based on the record before us, which includes a copy of the signed and dated postal receipt for that letter, we are convinced that the district court's findings are not clearly erroneous. We conclude therefore that Smith's filing in the district court was untimely and that the circumstances do not warrant application of the doctrine of equitable tolling.[8]

The district court properly dismissed Canton also, as Smith received her right-to-sue-Canton letter in October 1990, some thirty-four months prior to filing suit in the district court, and

---

[6]F.D.I.C. v. Ernst & Young, 967 F.2d 166, 169 (5th Cir. 1992).

[7]In her appellate brief, Smith argues for the first time that she is entitled to the benefit of the three day mail rule of Federal Rule of Civil Procedure 6(e). We need not consider on appeal arguments that were not presented to the district court. See Elliott v. Tilton, 89 F.3d 260, 264 (5th Cir. 1996).

[8]See Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir. 1992)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990))(stating when equitable tolling is appropriate).

4

offered no explanation which would justify tolling the ninety-day period.

Finally, the district court properly dismissed Holmes. Smith resigned from Holmes, did not file an EEOC charge against Holmes prior to filing suit in the district court, and failed to respond to the district court's directive to reply to Holmes's motion to dismiss on penalty of dismissal.

## III.

### CONCLUSION

For the foregoing reasons, the district court's dismissals of Smith's actions against Jackson, Canton, and Holmes are AFFIRMED.

5