# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50844
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2024

Lyle W. Cayce
Clerk

Arturo S. Lopez, Sr.,

　　　　　　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

*versus*

Frank Kendall, III, *Secretary of the Air Force*; Mary D. Garcia,
*Human Resource Specialist*, Employee Relations Labor,
Laughlin Air Force Base,

　　　　　　　　　　　　　　　　　　　　*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-646

_____

Before Clement, Duncan, and Douglas, *Circuit Judges*.
Per Curiam:[*]

　　　This is a Title VII case. Because the plaintiff, Arturo S. Lopez, Sr.,
failed to exhaust his administrative remedies, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50844

I.

Lopez is a former employee at the Laughlin Air Force Base in Del Rio, Texas. Proceeding *pro se*, Lopez filed suit against the Secretary of the Air Force and Mary Garcia, a human resources employee at the base, alleging that he was discriminated against in retaliation for participating in protected activities. Lopez alleges that Garcia retaliated against him by "intentionally and maliciously ma[king] and falsif[ying] entries on [his] official [] records" to deny him access to disability benefits. Lopez claims that he first "became aware" of Garcia's actions via a May 14, 2020 email that he received from the Office of Personnel Management. Lopez initiated contact with the Air Force's Equal Employment Opportunity ("EEO") counseling services on August 6, 2020.

Initially, the district court dismissed Lopez's suit because he failed to initiate EEO counseling within forty-five days of the alleged discriminatory or retaliatory act, as required by 29 C.F.R. § 1614.105(a)(1). This court reversed and remanded after determining that the district court relied on an EEO complaint and EEO counselor's report that were neither attached to nor referenced in Lopez's complaint.

Back at the district court, the defendants moved for summary judgment, which the district court granted at the recommendation of a magistrate judge. The district court held that Lopez failed to exhaust his administrative remedies and did not show that he was entitled to equitable tolling or that the administrative deadlines were waived. In recommending that the court grant summary judgment, the magistrate judge explained that: (1) Lopez failed to cite any materials in the record to support his conclusory assertions that he was entitled to equitable tolling because he did not read the May 14, 2020 email alerting him of the alleged discriminatory action until August 6, 2020; and (2) the Air Force's acceptance of the EEO complaint

2

does not support the inference that the 45-day deadline was waived. The district court also rejected Lopez's request for injunctive relief. Lopez timely appeals.

## II.

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citation omitted).

## III.

As we understand Lopez's arguments on appeal, he asserts that: (1) he complied with the 45-day requirement because he only became aware of the alleged discriminatory action the week before he sought EEO counseling; (2) the Air Force's acceptance of his EEO complaint waived the 45-day deadline; and (3) exhaustion should not be required because the administrative proceedings violated his constitutional rights and certain federal regulations.[1]

To toll the forty-five-day deadline, Lopez was required to show that (1) he "was not notified of the time limits and was not otherwise aware of them," (2) he "did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred," or (3) "despite due

---

[1] The government argues that Lopez has abandoned his appeal by failing to address the district court's reasons for granting the motion for summary judgment and denying his motion for injunctive relief. But we do not address this issue because, regardless of whether Lopez has properly preserved the issues on appeal, he has failed to show that the 45-day deadline should have been equitably tolled, was waived, or otherwise should not have applied.

diligence he . . . was prevented by circumstances beyond his . . . control from contacting the counselor within the time limits." 29 C.F.R. § 1614.105(a)(2).

Lopez asserts that he was recovering from surgeries until August 6, 2020, which prevented him from reviewing the May 14, 2020 email and thus the deadline should have been tolled. But, as the district court explained, "Lopez does not cite any materials in the record to support his conclusory assertions that he was entitled to equitable tolling because he did not read the May 14, 2020, email while recovering from surgeries." For instance, Lopez points to no record *evidence* that he did not read the May 14, 2020 email until August 6, 2020. *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements . . . in briefs are not evidence."). Moreover, the surgeries at issue did not occur until July 14, 2020, after the 45-day deadline had already expired.[2]

As to Lopez's argument that the Air Force waived the 45-day deadline by accepting his complaint, binding precedent establishes otherwise. The Air Force did not waive its timeliness objection merely by docketing and acting on Lopez's untimely complaint. *See Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 441 (5th Cir. 1986) ("Such a broad rule is unacceptable because agencies may inadvertently overlook timeliness problems and should not thereafter be bound."). Rather, "[i]n order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992). The Air Force made no such finding here. To the contrary, the Air Force EEO counselor

---

[2] What's more, the Air Force EEO counselor informed Lopez that his complaint fell outside the 45-day window and that he would have to write a letter seeking a waiver. But Lopez failed to produce any evidence he complied with this requirement.

informed Lopez his EEO complaint was "outside of the 45 calendar day timeline to file a complaint."

Lopez's final argument—that exhaustion was not required because the Air Force's administrative proceedings concerning his EEO complaint allegedly violated his constitutional rights and certain federal regulations— also lacks merit. Lopez's federal-court complaint raised no issue with the way in which his EEO complaint was adjudicated, and he has identified no caselaw or other authority establishing such an exception to the exhaustion requirement.[3]

AFFIRMED.

_____

[3] We also affirm the district court's denial of Lopez's request for injunctive relief. It was unclear what injunctive relief Lopez was seeking. The only remedy sought in his motion for injunctive relief wasn't an injunction at all; it was damages.